CRAIG E. HOLDEN, SB# 174643
    E-Mail: cholden@lbbslaw.com
THOMAS S. KIDDE, SB# 61717
    E-Mail: kidde@lbbslaw.com
ROBERT M. COLLINS, SB# 254915
    E-Mail: rcollins@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

NOTE CHANGES MADE BY THE COURT

Attorneys for Plaintiffs MGA
ENTERTAINMENT, INC. and THE
LITTLE TIKES COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation; THE LITTLE TIKES COMPANY, INC., an Ohio corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL PRODUCTS, LTD., a Hong Kong corporation; PLAYMIND LTD., a Hong Kong corporation; THE PLAYMIND GROUP, a Hong Kong corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. CV 10-7083 JAK (PJWx)<br><br>DISCOVERY MATTER [referred to Magistrate Judge Patrick J. Walsh]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>~~[PROPOSED ORDER FILED CONCURRENTLY HEREWITH]~~ |

This Stipulation is entered into between Plaintiffs MGA ENTERTAINMENT, INC. ("MGA") and THE LITTLE TIKES COMPANY, INC. ("TLC") (collectively MGA and TLC are hereinafter referred to as the "Plaintiffs") and Defendants NATIONAL PRODUCTS, LTD., PLAYMIND, LTD., and THE PLAYMIND GROUP (collectively "Defendants"). Plaintiffs and Defendants are hereinafter referred to as the "Parties." The Parties by and through their respective attorneys of

record hereby agree and stipulate as follows:

## RECITALS

WHEREAS in this Action, Plaintiffs have alleged, and Defendants dispute, breaches of agreements related to Plaintiffs' products licensed and sold by Defendants, amongst other claims. The Parties believe that they will or may be required to produce or disclose in this Action, and that non-parties may produce or disclose, information that is a trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing non-party.

WHEREAS without prejudice to any Party's right to object or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by non-parties will or may include:

    (1)    Private or confidential customer, contractor or vendor information;

    (2)    Specific terms of agreements with, and information received from third parties that a Party is required to disclose only under conditions of confidentiality;

    (3)    Personal or private financial information, and confidential financial data that is not known generally to the trade or to competitors, including financial data relating to specific sales, cost, profit information for specific products and product lines; and

    (4)    Business plans and product information that are not known generally to the trade or to competitors, including non-public information relating to specific products.

WHEREAS the Parties have propounded requests for production of documents, interrogatories upon each other, which request documents and other

1   information which contain nonpublic and sensitive personal information of

2   individual persons, trade secrets, confidential research, developments, commercial

3   financial information and/or any other proprietary, confidential, or competitively

4   sensitive business information.

5        **WHEREAS** the Parties agree that a protective order is necessary to protect

6   the integrity of this information, the rights of each of the Parties and the rights of

7   certain third parties.

8        **WHEREAS** the Parties require the information contained in these documents

9   for prosecution and defense of this lawsuit.

10       **WHEREFORE**, the Parties **HEREBY STIPULATE** that, subject to the

11   Court's approval, the following procedures shall be followed in this Action to

12   facilitate the orderly and efficient discovery of relevant information while

13   minimizing the potential for unauthorized disclosure or use of confidential or

14   proprietary information:

## STIPULATION

16      1.    The Parties hereby stipulate and consent that the terms and conditions

17   of this Stipulated Protective Order ("Protective Order") that shall govern the

18   handling of documents and information produced, whether informally or in response

19   to a production request, by the Parties to preserve the confidentiality of the

20   information that has been or will be requested and produced in discovery in this

21   action. The Parties agree that a protective order is necessary to protect the integrity

22   of this information, the rights of each of the Parties and the rights of certain third

23   parties.

24      2.    For the purposes of this Protective Order, "DOCUMENTS" means all

25   written, recorded, computerized, electronic, or graphical material or information and

26   things, whether produced or created by a Party of another person, and whether

27   produced in response to a discovery request, subpoena, agreement, or otherwise.

28      3.    The Parties to this action have the right to designate as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

"CONFIDENTIAL" any documents in this action which either Party believes in good faith contains nonpublic and sensitive personal information of individual persons, trade secrets, confidential research, developments, commercial financial information and/or any other proprietary, confidential, or competitively sensitive business information ("CONFIDENTIAL DOCUMENTS"). By entering into this protective order providing for the designation of documents and other discovery materials as "CONFIDENTIAL," no party is admitting that the contents of any such documents or other discovery materials are in fact confidential. No party receiving such a document, however, has the unilateral right to disregard such a designation. Rather, to challenge such a designation the procedures set forth herein must be followed.

4. Unless agreed to in writing by the respective counsel or otherwise ordered by the court, the CONFIDENTIAL documents and all information derived there from shall be used only in connection with, in preparation for and/or trial of this action, *MGA ENTERTAINMENT, INC., et al. v. NATIONAL PRODUCTS, LTD, et al.*, United States District Court Case No. CV 10-7083 JAK (PJWx) (this "ACTION"), and shall not be used for any other purpose whatsoever, and shall not be used or disclosed in any cases designated as "related" cases under state or federal law.

5. By producing the CONFIDENTIAL documents, producing Parties do not waive any objection to the CONFIDENTIAL documents admissibility, relevance, or any other ground of objection, all of which grounds are specifically reserved.

6. The CONFIDENTIAL documents and any copies, summaries, extracts, notes or memoranda relating thereto may be disclosed by counsel of record for the Parties to this ACTION *only* to the following:

    a. The Parties, their officers, employees, and agents who are working on this specific case;

4822-9762-7657.1

STIPULATION FOR PROTECTIVE ORDER

b. Counsel of record for the Parties, counsel's employees, and/or agents who are working on this specific case;

c. Consultants and experts employed by counsel of record for the purpose of assisting in the preparation for and/or trial of this specific case but only to the extent such persons need such confidential information for that preparation;

d. The court and court personnel;

e. Employees of outside copy services used to make copies of CONFIDENTIAL documents;

f. The jury selected for trial in this matter (if any); and,

g. Any other person under such terms as may be agreed by the Parties in writing or as the court may hereafter order.

7. Each person, other than the Court, Court personnel, and the parties or their counsel, to whom information designated as CONFIDENTIAL is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information. The persons described in Paragraphs 6(c), 6(e) and 6(g) shall not have access to either CONFIDENTIAL information, as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A. Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material.

8. Any Party wishing to attach a CONFIDENTIAL document as an exhibit to any deposition in this ACTION shall inform the court report or transcriber who reports or transcribes testimony about this Protective Order before the beginning of the deposition. Portions of deposition transcripts marked "CONFIDENTIAL" shall be treated as if they were the CONFIDENTIAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  documents.

2       9.    In the event the CONFIDENTIAL document and portions of transcripts

3  designated as CONFIDENTIAL, either by agreement among counsel or by order of

4  the court, are deposited with the court, they shall be filed in an envelope bearing the

5  caption of this matter and the "CONFIDENTIAL" notation.

6       10.    In accordance with Local Rule 79-5.1, if any papers to be filed with the

7  Court contain information and/or documents that have been designated as

8  "Confidential," the proposed filing shall be accompanied by an application to file

9  the papers or the portion thereof containing the designated information or

10  documents (if such portion is segregable) under seal; and the application shall be

11  directed to the judge to whom the papers are directed. For motions, the parties shall

12  publicly file a redacted version of the motion and supporting papers.

13      11.    All CONFIDENTIAL documents, including all copies and information

14  obtained from such CONFIDENTIAL documents shall, subject to the provisions

15  hereof, be used by the person receiving them only in connection with prosecuting or

16  defending persons or entities named in and in connection with this action.

17  CONFIDENTIAL documents shall not be used for any business, competitive, or

18  other purposes, and shall not be disclosed to any person or entity, except as provided

19  herein. However, the Protective Order is not intended to apply to documents or

20  information that is or was already publicly available, or documents or information

21  already possessed by a person without restriction on use or disclosure.

22      12.    In the event that a Party receiving material designated as

23  CONFIDENTIAL disagrees with such a designation, that Party shall serve written

24  notice of objection to the Party designating the material CONFIDENTIAL. The

25  Parties shall then attempt in good faith to resolve the dispute. Such disputes will be

26  governed by Local Rules 37-1 and 37-2 (including the Joint Stipulation

27  requirement).

28      13.    The parties, their counsel and all others bound by this agreement agree

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  that upon coming across material from an adversary that is apparently confidential
2  or privileged, and that appears was disclosed inadvertently, the lawyer (including
3  those the materials have been shared with) has a duty to: (1) examine the material
4  only to the extent necessary to determine that it is privileged or confidential; (2)
5  immediately notify the sender of the lawyer's possession; and (3) attempt to resolve
6  the dispute informally, or refrain from using the material until further court order.
7  *See Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807 (2007) (California Supreme
8  Court defining a lawyer's ethical duties when coming across material from an
9  adversary that is obviously confidential or privileged and it appears that the material
10 was disclosed inadvertently).

11      14.    Upon final determination of this action, whether by judgment or
12 settlement or otherwise, including all appeals:

13          a.    The Parties counsel of record and any other person who has
14              received DOCUMENTS designated as CONFIDENTIAL shall
15              maintain, destroy or, if requested by the producing Party's
16              counsel, assemble and return to the producing Party's counsel all
17              CONFIDENTIAL documents so produced, along with all copies,
18              extracts, summaries and compilations thereof, except material
19              constituting the work product of any counsel, which shall be kept
20              confidential thereafter.  If returning the documents, each Party
21              shall select and arrange with a messenger service to pick up and
22              return the DOCUMENTS to the respective Party's counsel.  This
23              provision does not apply to documents filed or lodged with the
24              Court;

25          b.    Counsel of record will continue to protect the confidentiality of
26              information contained in CONFIDENTIAL documents retained under (a)
27              above; and,

28          c.    The clerk of the court shall be requested to return to the

disclosing parties all CONFIDENTIAL documents, which have been filed with the court.

15. The execution of this Protective Order shall not preclude any party from moving the court for protective orders in the course of this litigation, from modifying or expanding this Protective Order as needed or from objecting to discovery that it believes to be improper.

16. This Protective Order is subject to amendment and modification by further written stipulation among counsel of record in this action or by order of the court. No amendment or modification pursuant to the stipulation of the parties shall have the force or effect of a Court order unless the Court approves the amendment or modification.

17. Nothing contained in this Protective Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

The Parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

**IT IS SO STIPULATED.**

DATED: May 26, 2011

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
ROBERT M. COLLINS
Attorneys for Plaintiffs
MGA ENTERTAINMENT, INC. and
THE LITTLE TIKES COMPANY, INC.

DATED: May 26, 2011

HANEY RODERICK TORBETT & ARNOLD LLP

By: _____
STEVEN H. HANEY
Attorney for Defendants
NATIONAL PRODUCTS, LTD. and
PLAYMIND, LTD GROUP

# ORDER

The parties' stipulated protective order is hereby entered as an Order by this Court.

Dated: May 31, 2011

_____
PATRICK J. WALSH
U.S. MAGISTRATE JUDGE

LEWIS
BRISBOIS
BISGAARD

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in this action entitled *MGA ENTERTAINMENT, INC. et al., v. NATIONAL PRODUCTS, LTD., et al.*, United States District Court Case No. CV 10-7083 JAK (PJWx), which currently is pending in the United States District Court, Central District of California; that I am familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as CONFIDENTIAL except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW