1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   MGA ENTERTAINMENT, INC., a      )   No.  CV 10-07083 JAK (SSx)
     California corporation; THE     )
12   LITTLE TIKES COMPANY, INC., an  )
     Ohio corporation,               )
13                                   )   **MEMORANDUM AND ORDER DENYING**
                                     )   **PLAINTIFFS' MOTION TO COMPEL**
14                  Plaintiffs,      )   **FURTHER RESPONSES TO WRITTEN**
                                     )   **DISCOVERY AND PRODUCTION OF**
15          v.                       )   **DOCUMENTS AND REQUEST FOR**
                                     )   **SANCTIONS**
16   NATIONAL PRODUCTS LTD., a Hong  )
     Kong corporation; PLAYMIND      )   **(Docket No. 69)**
17   LTD., a Hong Kong corporation;  )
     THE PLAYMIND GROUP, a Hong      )
18   Kong corporation; and DOES 1    )
     through 10, inclusive,          )
19                                   )
                    Defendants.      )
20   _____)

21          On September 6, 2011, plaintiffs MGA Entertainment, Inc. and Little

22   Tikes Company, Inc. (collectively, "Plaintiffs") and defendants National

23   Products Ltd. and Playmind Ltd. (collectively, "Defendants") filed a

24   Joint  Stipulation  regarding  Plaintiffs'  Motion  to  Compel  Further

25   Responses to Written Discovery and Production of Documents (the "Motion

26   to Compel" or "MTC Jt. Stip."). (Dkt. No. 69). On September 13, 2011,

27   Defendants filed a Supplemental Memorandum in Opposition to Plaintiffs'

28   Motion to Compel ("Defs.' MTC Supp. Memo.") including the declaration

1  of Steven H. Haney ("Haney MTC Decl."). (Dkt. No. 77). That same day,
2  Plaintiffs filed a Supplemental Memorandum in Support of the Motion to
3  Compel ("Pls.' MTC Supp. Memo.") including the declaration of Robert M.
4  Collins ("Collins MTC Decl."). (Dkt. No. 78). On September 16, 2011,
5  Plaintiffs filed a supplemental declaration of Robert M. Collins under
6  seal ("Collins MTC Supp. Decl."). (Dkt. Nos. 83-84). For the reasons
7  stated below, the Court DENIES Plaintiffs' Motion to Compel.

8
9                                    **I.**
10                **OVERVIEW OF THE PARTIES' CONTENTIONS**
11
12        Plaintiffs seek an order requiring Defendants to supplement their
13  production of documents responsive to Plaintiffs' Requests for
14  Production Nos. 16-27, 36 and 38, which concern Defendants'
15  identification of and communications and agreements with third party
16  manufacturers, distributors and retailers from 2006 to the present,
17  including documents related to Defendants' "Talking Train" products that
18  do not bear Plaintiffs' "Little Tikes" logo. (MTC Jt. Stip. at 7-21).
19  Plaintiffs argue that Defendants are willfully withholding documents or
20  have not conducted an adequate search for responsive documents. (See,
21  e.g., id. at 9). Plaintiffs also complain that counsel for Defendants
22  offered to provide information describing Defendants' methods for
23  collecting and producing documents but has not yet done so. (Id. at 5).
24  Plaintiffs seek sanctions in an unspecified amount for Defendants'
25  failure to comply with their discovery obligations and alleged
26  spoliation of documents. (Id. at 21-25).

27
28

1   Defendants contend that they have produced all documents responsive

2   to Plaintiffs' requests. (Id. at 6). Defendants further argue that to

3   the extent that Plaintiffs seek documents "that reflect National

4   Products['] sale of [its Talking Train] products that do not bear

5   [Plaintiffs'] 'Little Tikes' logo," the requests seek irrelevant

6   information that Defendants should not be required to produce. (Id. at

7   6-7).

8

9                                  **II.**

10                              **DISCUSSION**

11

12  **A.    Plaintiffs   Have   Failed   To   Satisfy   Their   Burden   Of**

13        **Establishing That Defendants Have Not Complied With Their**

14        **Discovery Obligations**

15

16        Plaintiffs' Motion to Compel seeks an order from this Court

17  requiring Defendants to supplement certain discovery responses based

18  largely on speculation that Defendants have additional documents within

19  their possession, custody or control which Defendants have improperly

20  refused to produce. (See generally MTC Jt. Stip. at 2-5). However, at

21  this time, there is no persuasive evidence before this Court that

22  Defendants have failed to comply with their discovery obligations.

23  Consequently, Plaintiffs' Motion to Compel is DENIED.

24

25        Defendants assert that they have already produced all documents in

26  their possession, custody and control that are responsive to Plaintiffs'

27  requests. (MTC Jt. Stip. at 6). A court cannot order a party to

28  produce documents that do not exist. Plaintiffs' mere suspicion that

3

1    additional documents exist does not justify a motion to compel.  <u>See</u>
2    <u>e.g.</u>, <u>Bethea v. Comcast</u>, 218 F.R.D. 328, 329 (D.D.C. 2003) (a party's
3    suspicion that another party has failed to respond to document requests
4    does not justify compelled inspection); <u>Alexander v. Federal Bureau of</u>
5    <u>Investigation</u>, 194 F.R.D. 305, 311 (D.D.C. 2000) (a party's mere
6    suspicion that its opponent must have documents that it claims not to
7    have is insufficient to warrant granting motion to compel); <u>Ayala v.</u>
8    <u>Tapia</u>, 1991 WL 241873 at *2 (D.D.C. 1991) (denying motion to compel
9    because moving party could not identify documents that were withheld).
10   Rather, the moving party must have a colorable basis for its belief that
11   relevant, responsive documents exist and are being improperly withheld.
12   <u>See</u> <u>Carter v. Dawson</u>, 2010 WL 4483814 at *5 (E.D. Cal. 2010)
13   (defendants' assertion that they are unable to locate responsive
14   documents does not provide a ground for granting a motion to compel
15   "unless Plaintiff can identify a specific document that Defendants have
16   withheld").

17

18       Although Plaintiffs argued at the hearing that documents produced
19   by third parties suggest that Defendants have additional responsive
20   documents, counsel for Defendants explained that the documents
21   Plaintiffs referred to reflected communications between distributors,
22   manufacturers and retailers and third parties engaged by Defendants as
23   independent contractors.  Defendants also acknowledged that they had
24   produced some documents in the possession, custody and control of third
25   parties which they obtained by specific informal requests to the third
26   parties.  "Federal courts have consistently held that documents are
27   deemed to be within [a party's] 'possession, custody or control' for
28   purposes of Rule 34 if the party has <u>actual</u> possession, custody, or

control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); see also United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents on demand."). "The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control." Id. "[P]roof of theoretical control is insufficient; a showing of actual control is required." In re Citric Acid Litig., 191 F.3d 1090, 1107 (9th Cir. 1999). Plaintiffs have not established that Defendants have possession, custody or control of third party documents where Defendants are not in physical possession of the documents (which, with the exception of those documents already produced, Defendants state they do not), and where Defendants have no legal right to demand that these third parties provide Defendants with the documents.

Plaintiffs also argue that they are entitled to documents concerning Defendants' "Talking Train" products after October 31, 2008, the sell-by date set forth in the parties' settlement agreement, even though these products do not bear Plaintiffs' "Little Tikes" logo. (MTC Jt. Stip. at 2-5). The Court disagrees, however, because Plaintiffs have failed to show how such documents are relevant to the issues in the current lawsuit. A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Fed. R. Civ. P. 26(b)(1). Relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any issue that is or may be in the case." Chavez v.

1  DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (internal

2  quotations omitted).   However, when the relevancy of propounded

3  discovery is not apparent, as here, its proponent has the burden to show

4  the relevancy of the discovery request.   Pulsecard, Inc. v. Discover

5  Card Serv., Inc., 168 F.R.D. 295, 309 (D. Kan. 1996); see also McCoo v.

6  Denny's, 192 F.R.D. 675, 693 (D. Kan. 2000) (denying motion to compel

7  production of documents where moving party failed to demonstrate how her

8  request for production, which appeared irrelevant on its face, was

9  relevant or would lead to the discovery of admissible evidence).   At the

10 hearing, Defendants conceded that documents concerning their "Talking

11 Train" products dated after October 31, 2008 would be relevant if the

12 products still bore Plaintiffs' "Little Tikes" logo, but insisted that

13 no such documents exist that have not already been produced.   Plaintiffs

14 have not met their burden of showing how documents relating to "Talking

15 Train" products past the sell-by date are relevant to the claims and

16 defenses in this case if the products do not bear Plaintiffs' logo.

17 Accordingly, the Motion to Compel must be DENIED to the extent it seeks

18 such documents.

19

20 **B.   Sanctions Are Not Warranted**

21

22     Because the Court has denied Plaintiffs' Motion to Compel,

23 Plaintiffs' request for sanctions is likewise DENIED.

24

25     The parties are reminded that pursuant to Local Rule 37-1, when

26 discovery disputes arise, counsel are required to confer in person and

27 in good faith within ten days after the moving party sends a request to

28 meet and confer.   Furthermore, the parties are specifically admonished

that the failure to <u>strictly</u> comply with the "Protocol for Future Discovery Motions" set forth in the Court's Minute Order dated July 26, 2011 (Dkt. No. 61) may result in the denial of any future motion and an award of sanctions.

## V.

## CONCLUSION

Consistent with the foregoing, Plaintiffs' Motion to Compel is DENIED.

IT IS SO ORDERED.

DATED: October 3, 2011

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE