**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation; THE LITTLE TIKES COMPANY, INC., an Ohio corporation,<br><br>          Plaintiffs,<br><br>    v.<br><br>NATIONAL PRODUCTS LTD., a Hong Kong corporation; PLAYMIND LTD., a Hong Kong corporation; THE PLAYMIND GROUP, a Hong Kong corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | No.  CV 10-07083 JAK (SSx)<br><br>**MEMORANDUM AND ORDER GRANTING FEES IN THE AMOUNT OF $3,240.00 TO PLAINTIFF MGA ENTERTAINMENT IN CONNECTION WITH ORDER GRANTING MOTION FOR PARTIAL RECONSIDERATION OF OCTOBER 3, 2011 DISCOVERY ORDER AND COMPELLING PRODUCTION OF CONTRACTS OR AGREEMENTS, ETC.**<br><br>**(Docket Nos. 205, 231)** |

**I.**

**INTRODUCTION**

On October 3, 2011, the Court denied Plaintiff MGA Entertainment, Inc. and the Little Tikes Company, Inc.'s ("Plaintiffs") Motion to Compel Further Responses to Written Discovery and Production of Documents. (MTC Order, Dkt. No. 92). In the original Motion to Compel, Plaintiffs sought, in part, an order compelling production of documents

responsive to Requests for Production Nos. 36-38, which called for "any contract or agreement" between Defendants and third parties relating to Plaintiffs' "Little Tikes"-branded merchandise and Defendant National Products' "Talking Train"-branded merchandise. (MTC, Dkt. No. 69, at 19).

The Court denied the Motion to Compel with respect to these Requests because Defendants' counsel expressly represented to the Court that no such written agreements existed. (MTC Order at 3). Counsel made this representation after the Court specifically questioned Defendants on this issue:

| | | |
|---|---|---|
| The Court: | So, Mr. Haney, why no contracts produced? | |
| Mr. Haney: | Because we didn't have any written contracts with our distributors during the relevant time frame. | |
| . . . | | |
| The Court: | You're telling me that National Products never entered into a written contract with anybody about the sales of their products? | |
| Mr. Haney: | Verbal. | |
| The Court: | Really? | |
| Mr. Haney: | Yes, ma'am. That's the truth. | |

(Sept. 27, 2011 Hearing Transcript, Dkt. No. 103, at 66-67).

On December 16, 2011, Plaintiffs moved for partial reconsideration of the October 3, 2011 Order. Plaintiffs, relying on third-party discovery and the deposition testimony of Defendants' U.S. Sales

2

1 Representative, persuasively demonstrated that National Products did,
2 in fact, enter into written agreements as the Court had suspected.
3 (MFR, Dkt. No. 205, at 2-4). After briefing and a hearing on the Motion
4 for Reconsideration, the Court issued an Order on December 29, 2011
5 granting the motion. (MFR Order, Dkt. No. 231). A copy of that Order
6 is attached.

7

8  Because the Court granted Plaintiffs' motion and found a lack of
9 substantial justification for Defendants' opposition, the Court
10 concluded that sanctions were warranted pursuant to Federal Rule of
11 Civil Procedure 37(a). (Id. at 19-24). Rule 37(a) provides that if a
12 discovery motion is granted, the Court must order the party opposing the
13 motion, absent substantial justification, to pay the prevailing party's
14 reasonable expenses incurred in bringing the motion. Fed. R. Civ. P.
15 37(a)(5)(A). The Court ordered Plaintiffs to submit a declaration
16 clarifying the amount of sanctions requested and provided Defendants an
17 opportunity to file a response contesting the amount requested. (MFR
18 Order at 24).
19

20  On January 8, 2012, Plaintiffs filed the Declaration of Robert M.
21 Collins, including exhibits, in support of a demand for $6,237.00 in
22 connection with the Court's December 29, 2011 Order. (Collins Decl. 1,
23 Dkt. No. 251). On January 11, 2012, Plaintiffs filed a Supplemental
24 Declaration of Robert M. Collins, including exhibits, with further
25 information about Mr. Collins' billing rate and legal experience.
26 (Collins Decl. 2, Dkt. No. 260).

27

28

Prior to the filing of Plaintiffs' fee request declarations, on January 5, 2012, Defendants filed a response to Plaintiffs' Application for Attorneys' Fees in connection with a December 20, 2011 Order to Show Cause regarding sanctions resulting from an entirely different filing, i.e., Defendants' frivolous Motion to Quash Subpoena to Fun Creation. (OSC Response, Dkt. No. 240). The OSC response included the Declaration of Steven H. Haney, which addressed, in part, whether sanctions relating to the current Motion for Reconsideration should be imposed and challenged Mr. Collins' billing rate. (Haney Decl., Dkt. No. 240, at 3-4). Defendants failed to submit a response specifically addressing the $6,237.00 in sanctions sought in Plaintiffs' January 8 and 12, 2012 fee request declarations.

Upon consideration of the parties' filings, the Court GRANTS sanctions, but reduces the requested fee demand as discussed below.

**II.**

**SANCTIONS**

**A.   The Lodestar Approach for Calculating Fee Awards**

In <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), the Supreme Court adopted the lodestar approach for calculating attorney fee awards. A court determines the lodestar by multiplying the number of hours reasonably expended on the litigation or particular motion by a reasonable hourly rate. <u>Id.</u> at 433

4

**B. Determination of the Reasonable Hourly Rate**

To determine the reasonable hourly rate of the prevailing attorney, the court looks to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008). The party requesting attorneys' fees must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community . . . ." Blum v. Stenson, 465 U.S. 886, 895-96 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

"When a fee applicant fails to meet its burden of establishing the reasonableness of the requested rates, however, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." Bademyan v. Receivable Mgmt. Servs. Corp., 2009 WL 605789 at *5 (C.D. Cal. Mar. 9, 2009). Courts may also "find hourly rates reasonable based on evidence of other courts approving similar rates . . . ." Parkinson v. Hyundai Motor America, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010). "If services of a similar quality were available in the market where the services were rendered for a reduced amount, the court may decrease the requested fees accordingly." Illiana Surgery and Medical Ctr. LLC v. Hartford Fire Ins. Co., 2011 WL 6056603 at *2 (N.D. Ind. Dec. 6, 2011).

**C. The Number Of Hours Plaintiffs Spent Are Reasonable And Supported By Evidence**

Mr. Collins, Plaintiffs' counsel, spent 16.2 hours on proceedings related to the Motion for Reconsideration:

1. 0.60 hours: meet and confer re MFR
2. 5.00 hours: research and draft MFR
3. 3.40 hours: draft <u>Ex Parte</u> Application for Order shortening time to hear MFR
4. 1.90 hours: draft declarations and proposed orders for MFR and related <u>Ex Parte</u> Application
5. 0.10 hours: review Court Order re hearing on MFR
6. 1.80 hours: prepare for and attend hearing on MFR
7. 0.90 hours: review Court Order granting MFR
8. 2.50 hours: research and draft declaration supporting sanctions

(Collins Decl. 1, ¶¶ 4-11). Plaintiffs' invoices substantiate the hours. (<u>See</u> <u>id.</u>, Exh. 1; Collins Decl. 2, Exh. 1). The Court concludes that the number of hours that Mr. Collins spent on matters related to the Motion for Reconsideration is reasonable. Consequently, the Court will award fees for 16.2 hours of Mr. Collins' billable time, adjusted for a reasonable hourly rate.

**D.  The Hourly Rate Requested Is Not Reasonable So The Lodestar Must Be Adjusted**

The hourly rate in a lodestar calculation must be the prevailing market rate for the individual who performed and billed for the work. See Widrig, 140 F.3d at 1209-10. Mr. Collins, who performed all of the work at issue, graduated from law school in 2007 but was not admitted to the Bar until January 2008. (Collins Decl. 2, ¶ 3). Plaintiffs have not submitted any evidence establishing the prevailing rate for attorneys of Mr. Collins' experience in the Los Angeles market, other than Mr. Collins' own declaration.

In his initial January 8, 2012 declaration, in connection with the Motion for Reconsideration, Mr. Collins stated that the "combined hourly rate for partners and associates working on this matter is $385.00" and requested fees based on that "combined" rate, although there was no evidence before the Court that a partner performed tasks in connection with the current motion. (Collins Decl. 1, ¶ 3). Following a hearing on January 9, 2012 in which the Court informed Mr. Collins that awards of "blended rates" are inconsistent with Ninth Circuit law regarding the determination of reasonable rates where only one attorney performed the work, Mr. Collins submitted a second declaration regarding his rates and experience. In that January 11, 2012 declaration, Mr. Collins simply asserted that "[his] hourly rate on this matter is $385.00," without further explanation and without recognizing that he had previously stated that $385 was a "combined rate." (Collins Decl. 2, ¶ 3). This
\\

7

inconsistency is irrelevant, however, as evidence exists supporting a lower rate for an attorney of Mr. Collins' experience in the Los Angeles market.

Defendants argue that a reasonable rate for Mr. Collins is $200.00 per hour. (Haney Decl., ¶ 7). The Court agrees. That rate is also consistent with findings in other recent Central District cases. See, e.g., MV Transp., Inc. v. Amalgamated Transit Union, Local 1756, 2011 WL 488869 at *3 (C.D. Cal. Feb. 2, 2011) ($225.00 hourly rate reasonable for attorney admitted to the Bar in 2006); Cheske v. Waring, 2011 WL 672536 at *2 (C.D. Cal. Feb. 15, 2011) ($250.00 hourly rate reasonable for attorney admitted to the Bar in 1990); McClenning v. NCO Financial Sys., Inc., 2011 WL 1375161 at *3 (C.D. Cal. Apr. 11, 2011) ($285.00 hourly rate reasonable for attorney admitted to the Bar in 2004). Therefore, the lodestar is adjusted as follows: 16.2 hours x $200.00 = $3,240.00.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

# III.

# CONCLUSION

Plaintiffs' request for sanctions is GRANTED.  However, the Court reduces the award of sanctions to $3,240.00.  The $3,240.00 sanction is imposed against Defendant National Products only, and not against counsel.  National Products is ORDERED to pay sanctions in that amount to Plaintiff MGA Entertainment within seven (7) days of the date of this Order.

IT IS SO ORDERED.

DATED:  January 23, 2012

              /S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE