**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CRAIG HOLDEN, SB# 174643
  E-Mail: cholden@lbbslaw.com
ROBERT M. COLLINS, SB# 254915
  E-Mail: rcollins@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs, MGA ENTERTAINMENT, INC., THE LITTLE TIKES COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation; THE LITTLE TIKES COMPANY, INC., an Ohio corporation,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NATIONAL PRODUCTS LTD., a Hong Kong corporation; PLAYMIND LTD., a Hong Kong corporation; THE PLAYMIND GROUP, a Hong Kong corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO. CV10-7083 JAK (SSx)<br><br>*The Honorable John A. Kronstadt*<br>*Dept. 750*<br><br>**(1) PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 6 TO EXCLUDE ALL TESTIMONY FROM DEFENDANTS' LIABILITY EXPERT WHICH APPLIES TO FACTS TO LAW, ATTEMPTS TO USURP THE TRIER OF FACT, OR RELATES TO MATTERS RESOLVED BY PLAINTIFFS' SUMMARY ADJUDICATION MOTION**<br>**(2) FILED UNDER SEPARATE COVER**<br>　　(a) DECLARATION OF ROBERT M. COLLINS IN SUPPORT<br>　　(b) [PROPOSED] ORDER |

4816-6605-3392.1

MOTION IN LIMINE NO. 6

| | |
|---|---|
| | Action Filed:        Sept. 22, 2010 |
| | Discovery Cut-off:   June 30, 2012 |
| | Motion Cut-off:      July 30, 2012 |
| | Final Pretrial Conf: Sept. 10, 2012 |
| | Trial Date:          Sept. 25, 2012 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:   PLEASE TAKE NOTICE that on September 10, 2012 at 3:00 p.m. or as soon thereafter as the matter may be heard in Department 750 of the above-referenced court located at 255 East Temple Street, Los Angeles, California 90012-3332, plaintiffs MGA Entertainment, Inc. and The Little Tikes Company, Inc. (collectively, "Plaintiffs") will and hereby do move *in limine* as follows:

**Motion in Limine No. 6:**  To exclude all testimony from defendants' liability expert Antonio R. Sarabia II which applies facts to law, attempts to usurp the role of the trier of fact, or relates to matters resolved by plaintiffs' motion for summary adjudication.

This Motion *in limine* is based on this Notice of Motion and Accompanying Memorandum of Points and Authorities, the Declaration of Robert M. Collins filed concurrently under separate cover, the records and files of this Court, and any other matter of which this Court may take judicial notice.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Certification of Compliance

Pursuant to L.R. 7-3, the parties conferred regarding the issues raised in these Motions on August 8, 2012.

Respectfully submitted,

DATED: August 13. 2012          LEWIS BRISBOIS BISGAARD & SMITH LLP


                                By: /s/ Craig Holden
                                Craig Holden
                                Attorneys for Plaintiffs, MGA
                                ENTERTAINMENT, INC. THE LITTLE
                                TIKES COMPANY. INC.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................... 1

II. ANALYSIS ................................................................................................ 1

    A. AUTHORITY OF COURT TO LIMIT ADMISSION OF EVIDENCE .................................................................................... 1

    B. STANDARDS FOR RELEVANCE AND ADMISSIBILITY OF EXPERT REPORTS. ........................................................................ 1

        1. Expert Testimony Which Purports to Decide Issues for the Trier of Fact, or Applies Law to the Facts, Must be Excluded Under Federal Rules of Evidence 702 and 403. ........... 1

        2. Expert opinion on issues already decided by this Court is Inadmissible. .............................................................................. 2

    C. THOSE PORTIONS OF THE SARABIA REPORT WHICH MERELY USURP THE ROLE OF THE JURY, APPLY FACTS TO THE LAW, OR ATTEMPT TO RE-LITIGATE MATTERS RESOLVED BY PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION MUST BE EXCLUDED ........................................ 3

        1. Opinion on National Products, Ltd. Duty to Monitor Internet Should be Excluded. ................................................... 3

        2. Opinion on Whether National Products Surpassed Its Duty Should be Excluded. ................................................................. 4

        3. Opinion Regarding Retailers Use of "Little Tikes" Trademark Should be Excluded. .................................................. 4

        4. Opinions Regarding The TDI Sale Should be Excluded. .............. 5

        5. Opinions Regarding the Materiality of Defendants' Breach Should be Excluded. ................................................................. 5

        6. Opinions Regarding the Roles of National Sporting Goods, M&D Distributing and Fun Creation Should be Excluded. ................................................................................. 6

        7. Opinions Regarding Inferences to be Drawn From Internet Searches Usurp the Role of the Trier of Fact. ............................ 6

        8. Sarabia is Attempting to Usurp the Role of the Trier of Fact and Testify That There Were No Sales by Defendants to Particular Retailers after October 31, 2008. ........................... 7

        9. Sarabia's Rebuttal to Mr. Lyon's and Mr. Simon's Analyses is Predicated on the Argument that the

Settlement Agreement was not Breached by the TDI Sale. ......... 8

III. Conclusion ................................................................................................... 9

# TABLE OF AUTHORITIES

Cases

*Baldonado v. Wyeth*,
    (N.D. Ill. 2012) 2012 WL 1802066 at *4 .................................................................. 2, 8

*Daubert v. Merrel Dow Pharmaceuticals, Inc.*,
    (1993) 505 U.S. 579 ............................................................................................. 2

*Flagstar Bank, FSB v. Freestar Bank, N.A.*,
    (C.D. Ill. 2009) 687 F.Supp.2d 811 ....................................................................... 2

*Kuhmo Tire Co., Ltd. v. Carmichel*,
    (1999) 526 U.S. 137 .............................................................................................. 2

*Mercado v. Ahmed*,
    (7th Cir. 1992) 974 F.2d 863 ................................................................................. 2

*Salem v. United States Lines Co.*,
    (1962) 370 U.S. 31 ................................................................................................ 2

*Unigard Sec. Ins. Co. v. Lakewood Eng. & Mfg. Corp.*,
    (9th Cir. 1992) 982 F.2d 363 ................................................................................. 1

*United States v. Duncan*,
    (2nd Cir. 1994) 42 F.3d 97 .................................................................................... 2

*United States v. Hall*,
    (7th Cir. 1996) 93 F.3d 1337 ................................................................................ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Almost the entire expert Report of Antonio R. Sarabia II consists of assertions about evidence that require no expert opinion. Most of the opinions defendants would have Mr. Sarabia provide are merely Mr. Sarabia's own assertions about what the trier of fact should find or issues which have already been resolved by this court in response to plaintiff's motion for summary adjudication. Accordingly, Mr. Sarabia should not be allowed to testify as to the opinions plaintiffs object to herein.

## II. ANALYSIS

### A. AUTHORITY OF COURT TO LIMIT ADMISSION OF EVIDENCE

This Court has the inherent authority to grant motions *in limine* and to exclude admission of evidence at trial to manage its own affairs and achieve the orderly and expeditious disposition of cases. *Unigard Sec. Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

### B. STANDARDS FOR RELEVANCE AND ADMISSIBILITY OF EXPERT REPORTS.

#### 1. **Expert Testimony Which Purports to Decide Issues for the Trier of Fact, or Applies Law to the Facts, Must be Excluded Under Federal Rules of Evidence 702 and 403.**

Under Federal Rule of Evidence 702(a), expert testimony is admissible only if it "will help the trier of fact to understand the evidence or to determine a fact in issue." The court is obligated to evaluate the relevance of proffered testimony. Expert testimony is irrelevant and therefore excludable under Federal Rule of Evidence 403 if it simply analyzes facts which the trier of fact may analyze itself. *United States v. Hall*, 93 F.3d 1337, 1343 (7th Cir. 1996) ("Unless the expertise adds something, the expert is at best offering a gratuitous opinion, and at worst is exerting undue influence on the jury that would be subject to control under Rule 403.")

Expert testimony must be excluded where it would usurp the role of the jury in applying the law to the facts before it. *United States v. Duncan*, 42 F.3d 97, 101 (2nd. Cir. 1994). Under Federal Rule of Evidence 104(a), the trial judge must ensure that any and all expert testimony is not only relevant, but reliable. *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 505 U.S. 579, 589 (1993), *Kuhmo Tire Co., Ltd. v. Carmichel*, 526 U.S. 137, 157-58 (1999). Expert testimony or evidence is not admissible unless it assists the trier of fact. *Daubert*, 505 U.S. at 589.

Expert evidence would waste the court's time if "all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation." *Flagstar Bank, FSB v. Freestar Bank, N.A.*, 687 F.Supp.2d 811, 821 (C.D. Ill. 2009), *citing Mercado v. Ahmed*, 974 F.2d 863, 870 (7th Cir. 1992), *quoting Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962). *Flagstar* found that expert opinion was not necessary to determine whether a likelihood of confusion existed between the marks "Flagstar Bank" and "Freestar Bank." *Flagstar Bank, FSB*, 974 F.2d at 821 ("Thus Dr. Lamoureaux's expert report offers no help to the trier of fact, beyond their own comprehension abilities, in determining the similarity of the marks and whether that level of similarity will likely lead customers to be confused.")

Allowing an expert opinion to merely summarize documentary and evidentiary materials can give the jury the impression that the expert did something more than the jury can do itself. Accordingly, expert reiteration of such evidence is inadmissible. *Baldonado v. Wyeth*, 2012 WL 1802066 at *4 (N.D. Ill. 2012

### 2. **Expert opinion on issues already decided by this Court is Inadmissible.**

Under Federal Rule of Evidence 702(a), expert testimony is admissible only if it "will help the trier of fact to understand the evidence or to determine a fact in

issue." Here, the Court has already determined that defendants' sale of more than 11,000 excess 6V and 12V ride-on vehicles during the "sell-off" period breached the settlement agreement between the parties. (*See* February 27, 2012 Order Granting in part Plaintiffs' Motion for summary Adjudication (ECF 331)). Mr. Sarabia makes extensive arguments regarding the propriety and prudence of this sale, and defendants' failure to report the same. However, the decision of the court makes such argument legally irrelevant and therefore such argument must be excluded under <u>Federal Rules of Evidence 401</u> and <u>402</u>. Moreover, under <u>Federal Rule of Evidence 403</u>, allowing Mr. Sarabia to offer his opinions on the TDI cancelled goods would confuse the jury and waste the Court's time, and such opinions should be excluded on these additional grounds.

**C. THOSE PORTIONS OF THE SARABIA REPORT WHICH MERELY USURP THE ROLE OF THE JURY, APPLY FACTS TO THE LAW, OR ATTEMPT TO RE-LITIGATE MATTERS RESOLVED BY PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION MUST BE EXCLUDED**

**1. <u>Opinion on National Products, Ltd. Duty to Monitor Internet Should be Excluded.</u>**

Mr. Sarabia expressed the opinion that "During the License and after its expiration, National Products had no duty to police the Internet for trademark infringements of the "Little Tikes" mark." (*See* Report of Defendants Liability Expert Antonio Sarabia ("Sarabia Report"), P. 6, 8-11 attached as Ex. "D" to the Declaration of Robert M. Collins ("Collins Decl.") filed concurrently herewith). This opinion was based on three pieces of evidence which the jury can evaluate itself: (1) The provisions Paragraph 14.2 of the Trademark License Agreement, (2) deposition testimony of Vincent Thai, and (3) deposition testimony of Isaac Larian. (*Id.* at P. 8-11).

The jury reviews these provisions and forms its own understanding of them

3
MOTION IN LIMINE NO. 6

based on the agreement and any relevant testimony. Mr. Sarabia attempts to bootstrap his testimony by stating what the "industry standard" is, but no evidence of such a standard is cited by Mr. Sarabia other than the parties License Agreement, the plain terms of which the jury can and must interpret for itself.

### 2. Opinion on Whether National Products Surpassed Its Duty Should be Excluded.

Mr. Sarabia goes on to opine that even though National Products had no duty to monitor internet third party infringement, it went beyond that duty in asking infringers to cease and desist the unauthorized use of Plaintiffs' Little Tikes® trademarks to advertise, market, promote and sell Defendants' 6V and 12V ride-on vehicles. (Sarabia Report - Collins Dec. Ex."D"). This argument is of course parasitic on Sarabia's preceding argument about the existence of a duty, and should be excluded for this reason alone.

Mr. Sarabia should also be precluded from testifying about what, if anything, National Products did to 'prevent infringement' because there is evidence that the jury may interpret itself. Mr. Sarabia seeks to establish that National Products surpassed its duty by citing to the Declaration of Jilian Lam and the Deposition of Roseanne Kubisty. (Sarabia Report - Collins Dec., Ex. "D". P. 12, n. 6). The jurors can weigh the testimony of these individuals themselves.

### 3. Opinion Regarding Retailers Use of "Little Tikes" Trademark Should be Excluded.

Mr. Sarabia opines that the use of the "Little Tikes" brand by specified retailers could not have harmed the brand because another of Plaintiff's marks, "Bratz," is sold by some of the same specified retailers. (Sarabia Report - Collins Decl., Ex. "D", P. 7, 16-17). This is an inference the jury can evaluate, by reference to Ms. Kubitsy's testimony, which Mr. Sarabia cites to in his report. (*Id.* at P. 17). Mr. Sarabia's opinion on this matter adds nothing to an inquiry the jury itself can make.

### 4. Opinions Regarding The TDI Sale Should be Excluded.

Mr. Sarabia opines that "MGA's Approval of the Customer List Meant that National Products Was Free to Sell . . . Products from Canceled Orders or Products Returned to it." (Sarabia Report – Collins Decl., Ex. "D", P. 7, 18-19). He further opines that "National Products Followed Normal Licensee Practices When the Inventory it Reported in the Settlement Did Not Include Sold Licensed Products." (Sarabia Report – Collins Decl., Ex. "D", P. 7, 19-21). He also opines that "Once TDI Canceled its Order, National Products Was Prudent to Sell the Goods to Other Customers." (Sarabia Report – Collins Decl., Ex. "D", P. 7, 21).

These opinions are mooted by this Court's February 27, 2012 Order, which provided in pertinent part: ". . . [T]he settlement agreement is not ambiguous. Thus, the settlement agreement authorized only the sale of goods listed in Exhibit A to that agreement. Because the goods from the order cancelled by TDI, Inc. are not listed in Exhibit A, their resale was not permitted by the agreement." (*See* Order Granting Plaintiffs' Motion for Summary Adjudication (ECF 331), P. 2).

As set forth above, the decision of the court makes such argument legally irrelevant and therefore such argument must be excluded under Federal Rules of Evidence 401 and 402. Moreover, under Federal Rule of Evidence 403, allowing Mr. Sarabia to offer his opinions on the TDI cancelled goods would confuse the jury and waste the Court's time, and such opinions should be excluded on these additional grounds.

### 5. Opinions Regarding the Materiality of Defendants' Breach Should be Excluded.

Mr. Sarabia purports to calculate both the damages resulting from defendants' breach of the settlement agreement, and then goes on to opine that damages in such amount are "not material." (Sarabia Report – Collins Decl., Ex. "D", P. 7, 22-23). The amount of damages, and whether they constitute a material breach, are both questions for the jury. The jury does not need Mr. Sarabia's opinion to calculate the

5
MOTION IN LIMINE NO. 6

damages, indeed he is not even proffered as a damages expert. Nor does the jury need Mr. Sarabia's assistance in determining the extent of defendants' breach. They will be able to review the settlement agreement and evidence related to the nature and extent of defendants' breach. Accordingly, Mr. Sarabia's report and testimony on this subject should be excluded.

### 6. Opinions Regarding the Roles of National Sporting Goods, M&D Distributing and Fun Creation Should be Excluded.

Mr. Sarabia attempts to opine that the settlement agreement was not breached because several entities were in fact "service centers and fulfillment centers" for defendants. (Sarabia Report – Collins Decl., Ex. "D", P. 7, 24-25). Mr. Sarabia attempts to make this factual issue a matter of expert opinion, but there is no reason why lay witness testimony cannot establish what is a "service center" or "fulfillment house." Moreover, Mr. Sarabia's conclusory assertion that National Sporting Goods, M&D Distributing and Fun Creation were all in fact both "service centers and fulfillment centers" is not a question requiring expert analysis. That too, is a factual issue that the jury can analyze based on non-expert evidence.

### 7. Opinions Regarding Inferences to be Drawn From Internet Searches Usurp the Role of the Trier of Fact.

Defendants provided a "Supplemental Report of Antonio R. Sarabia II." The supplemental report stated that Mr. Sarabia had performed internet searches entering "little tikes national products" using the search engines Google and Bing. He states that he performed several searches and reviewed numerous sites but "none of the products [depicted] were described using both 'Little Tikes' and 'National Products." From this he formed the opinion that "no toys made by National Products and bearing the trademark "Little Tikes" are readily available on the Internet. (Supplemental Report of Antonio R. Sarabia II ("Supp. Sarabia Report") attached as Ex. "E" to the Collins Decl.).

This conclusion lacks evidentiary foundation. The unspoken premise is that an

online distributor or retailer would as a matter of course identify the manufacturer of a brand. There is no basis for this inference. Therefore testimony that a lack of simultaneous online advertising of "National Products" and "Little Tikes" establishes that no "Little Tikes" goods manufactured by National Products were offered or sold online must be excluded as not having evidentiary foundation. Fed. R. Evid. 104(b).

Indeed, Sarabia's inference is counterintuitive – the licensor of products exercises control over the quality of its branded products, and providing additional information regarding the manufacturer might cause unnecessary customer confusion.

Even if Sarabia's proposed inference could properly be drawn, offering "expert" opinion in support of such inference would only seek to confuse the jury and should be excluded under Federal Rules of Evidence 403 and 702(a). The jury could draw the inference that the manufacturer of "Little Tikes" branded merchandise sold online was not identified, and allowing an expert to use the weight of his expert designation to draw a contrary inference would give undue weight to Sarabia's inference.

### 8. **Sarabia is Attempting to Usurp the Role of the Trier of Fact and Testify That There Were No Sales by Defendants to Particular Retailers after October 31, 2008.**

Mr. Sarabia provided a second supplemental expert report stating that he had reviewed the invoices referring to toy sales after October 31, 2008 by National Products produced by nine retailers and Federal Express. He stated he cross-referenced the invoices against National Products "records by asking National Products to provide the corresponding invoices from its records." (Second Supplemental Report of Antonio R. Sarabia ("Second Supp. Sarabia Report"), attached as Ex. "F" to the Collins Decl.). Therein, Mr. Sarabia concluded "I determined that there were no sales of Little Tike toys by National Products after

October 31, 2008 to these nine retailers." *Id.*

As set forth above, allowing an expert opinion to merely summarize documentary and evidentiary materials can give the jury the impression that the expert did something more than the jury can do itself. Accordingly, expert reiteration of such evidence is inadmissible. *Baldonado v. Wyeth*, 2012 WL 1802066 at *4 (N.D. Ill. 2012). Under <u>Federal Rule of Evidence</u> Rule 702(b) neither Mr. Sarabia nor defendants may be permitted to testify that such summary and analysis is correct.

### 9. **<u>Sarabia's Rebuttal to Mr. Lyon's and Mr. Simon's Analyses is Predicated on the Argument that the Settlement Agreement was not Breached by the TDI Sale.</u>**

This Court has determined that the TDI sales constituted a breach of the settlement agreement. In his rebuttal report, Mr. Sarabia attempts to argue that the analysis of plaintiffs' damages expert Leonard Lyons fell below the standard of care of an 'accountant engaged as an expert in a licensing case.' (*See* March 13, 2012 "Rebuttal Report of Antonio R. Sarabia ("Rebuttal Sarabia Report"), P. 1 attached as Ex. "G" to the Collins Decl.). The basis for this argument is that Mr. Lyons 'incorrectly' considered the Settlement Agreement to have been breached by the TDI sales:

> "Mr. Lyons does not understand that goods which were made by a licensee during the course of the license (or Settlement sell-off period) are authorized, legitimate goods under the standards of both the consumer product licensing business and the trademark and enforcement business. Since the sales of the 11,686 units and the other 100 plus units were done when National Product still had the right to use the trademark "Little Tikes" under the Settlement, those sales were not an infringement and do not justify any damages."

(Rebuttal Sarabia Report, P. 3-4 - Collins Dec., ¶Ex."G").

This Court has held that the TDI sales indeed constituted a breach of the settlement agreement. Mr. Sarabia cannot use an expert designation as a back door to introduce an argument that the "standards of both the consumer product licensing business and the trademark and enforcement business" usurp this Court's determination that the TDI sales breached the settlement agreement.

Similarly, Mr. Sarabia also argues that Mr. Simon's "Conclusion that Sales of Additional Inventory are Infringements is Wrong." (Rebuttal Sarabia Report, P. 15-16 - Collins Dec., ¶Ex."G").

Mr. Sarabia goes on to argue that "Under the standards of the consumer product licensing business, sales of goods made by a licensee during the time it was permitted to label and sell goods are not an infringement. As mentioned above, the law is consistent with this business standard." (Rebuttal Sarabia Report, P. 16 - Collins Dec., ¶Ex."G").

Again, Mr. Sarabia's testimony to this effect should be excluded.

### III. Conclusion

For the reasons set forth herein, Plaintiffs respectfully request that this Court grant their Proposed Order with respect to Motion *in Limine* No. 6.

DATED: August 13, 2012         LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Craig Holden
Craig Holden
Attorneys for Plaintiffs, MGA ENTERTAINMENT, INC. THE LITTLE TIKES COMPANY. INC.



9
MOTION IN LIMINE NO. 6