**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CRAIG HOLDEN, SB# 174643
  E-Mail: cholden@lbbslaw.com
ROBERT M. COLLINS, SB# 254915
  E-Mail: rcollins@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs, MGA ENTERTAINMENT, INC., THE LITTLE TIKES COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation; THE LITTLE TIKES COMPANY, INC., an Ohio corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL PRODUCTS LTD., a Hong Kong corporation; PLAYMIND LTD., a Hong Kong corporation; THE PLAYMIND GROUP, a Hong Kong corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV10-7083 JAK (SSx)<br>*The Honorable John A. Kronstadt*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6 [ECF 473 and ECF 475] SEEKING TO EXCLUDE ARGUMENT AND EVIDENCE OF CALCULATION, RESALE AND ALL OTHER SALES THROUGH OCTOBER 31, 2008**<br><br>Date:   September 10, 2012<br>Time:   1:30 p.m.<br>Place:  Courtroom 750<br><br>Action Filed:         Sept. 22, 2010<br>Discovery Cut-off:    June 11, 2012<br>Motion Cut-off:       July 30, 2012<br>Final Pretrial Conf:  Sept. 7, 2012<br>Trial Date:           Sept. 18, 2012 |

4842-7674-8816.1

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6

# TABLE OF CONTENTS

**Page**

I. Introduction ..................................................................................................... 1

II. Defendants' Motion in in Limine No. 3 Should be Denied for Failure to Comply with the Meet and Confer Requirements of Local Rule 7-3 Before Filing ..................................................................................................... 2

III. There is No Dispute that Sales Prior to October 31, 2008 Constitute Infringement of Plaintiffs' Little Tikes® trademarks and Are Thus Highly Relevant and Should be Admitted ........................................................ 2

    A. The First Amended Complaint Seeks Relief for Sales Made in Violation of the Numerical Restrictions of Exhibit "A" and the Customer Restrictions of Exhibit "B" to the Settlement Agreement. ........................................................................................... 5

IV. This Court Has Already Rules that the Allegedly Returned TDI Goods Were Sold in Violation of the Settlement Agreement ..................................... 6

V. Defendants Move to Exclude Evidence of Contract Damages Without Any Grounds .................................................................................................... 7

VI. Unauthorized Sales Also Constituted Trademark Infringement, and In No Event Should They Be Excluded by a Motion in Limine .......................... 7

    A. Defendants May Not Seek to Preclude Contested Evidence by a Motion in Limine. ................................................................................. 7

    B. Any Sales After October 31, 2008, in Excess of the Limits Established by Exhibit "A" to the Settlement Agreement, or to Persons or Entities not Identified in Exhibit "B" Constitute Trademark Infringement. ................................................................... 8

VII. Conclusion .................................................................................................... 10



# TABLE OF AUTHORITIES

Cases

*Beery v. Hitachi Home Electronics (Amer.), Inc.*,
   157 F.R.D. 477 (C.D. Cal. 1993) ................................................................ 5

*Dunn ex rel. Albery v. State Farm Mut. Auto Ins. Co.*,
   246 F.R.D. 266 (E.D. Mich. 2009) .............................................................. 8

*Federal Savings and Loan Ins. Corp. v. Musacchio*,
   695 F.Supp. 1053 (N.D. Cal. 1988) ............................................................ 5

*Henderson v. Lindland*,
   2012 U.S. Dist. LEXIS 53146, **4-5 (C.D. Cal. 2012) ............................. 8

*Idaho Potato Commission v. G&T Terminal Packaging, Inc.*,
   425 F.3d 708 (9th Cir. 2005) .................................................................. 8, 9

*Intel v. Terabyte Int'l, Inc.*,
   6 F.3d 614 (9th Cir. 1993) .......................................................................... 9

*Monte Carlo Shirt, Inc. v. Daewoo International Corp.*,
   707 F.2d 1054 (9th Cir. 1983) .................................................................... 9

*Neveu v. City of Fresno*,
   392 F.Supp.2d 1159 (E.D. Cal. 2005) (Fed. R. Civ. P. 8(a)(2) .................. 5

*Nomo Agroindustrial SA DECV v. Enza Zaden N.Am., Inc.*,
   No. CV-05-351-TUC-FRZ, 2007 WL 10770123 ....................................... 8

*Ryan v. Volpone Stamp Co., Inc.*,
   107 F.Supp.2d 369 (S.D.N.Y. 2000) .......................................................... 8

*Sagan v. Apple Computer, Inc.*,
   874 F.Supp. 1072 (C.D. Cal. 1994) ............................................................ 5

*Sasson Jeans, Inc. v. Sasson Jeans, LA, Inc.*,
   632 F.Supp. 1525 (S.D.N.Y. 1986) ............................................................ 9

*SPX Corp. v. Bartec USA*,
   No. 06-14888, 2008 WL 3850770 at *3 (E.D. Mich. Aug. 12, 2008) ........ 8

*U.S. Structures, Inc. v. J.P. Structures, Inc.*,
   130 F.3d 1185 (6th Cir. 1997) .................................................................... 8

Statutes

Federal Rule of Civil Procedure 8(a)(2) ........................................................ 5

Plaintiffs MGA Entertainment, Inc. ("MGA") and The Little Tikes Company, Inc. ("Little Tikes") (collectively, "Plaintiffs") hereby provide their opposition to defendants National Products Ltd., Playmind Ltd. and The Playmind Group (collectively "Defendants") Motion in Limine No. 6, which is found on this Court's PACER Docket as Number 473 (mislabeled as Motion in Limine No. 8) and again at EC F475.[1] Plaintiffs believe Defendants' duplicative filing of their Motion in Limine No. 6 to be in error, but nonetheless offer the below opposition to both of Defendants' filings.

## I.     Introduction

Defendants are attempting to preclude two broad categories of evidence and argument by their Motion in Limine No. 6: (1) All evidence and argument regarding the "TDI Goods", and (2) all evidence and argument related to sales of Little Tikes branded goods up through and including October 31, 2008.

Excluding the first category of evidence and argument identified by Defendants runs contrary to established precedent and the law of this case. It has already been established by this Court's February 27, 2012 Order that Defendants' unauthorized sale of excess goods during the sell-off period, which were allegedly "returned" by TDI, breached the settlement agreement. Moreover, breach of the settlement agreement provisions regarding allowed customers and amounts are pled in the First Amended Complaint. Accordingly, all breaching sales, and whether such breach caused Plaintiffs damage, are not just relevant, but are central issues in this case. Moreover, Defendants' contentions regarding whether such sales

---

[1] Docket No. 473 is actually defendants' Motion in Limine No. 6, though defendants incorrectly identified this document as "NOTICE OF MOTION AND MOTION IN LIMINE (#8) to Exclude the Expert Report and Testimony of Plaintiff's Expert Danny Simon filed by Defendant National Products Ltd., Playmind Ltd.. Motion set for hearing on 9/10/2012 at 03:00 PM before Judge John A Kronstadt. (Attachments: # 1 Proposed Order)(Haney, Steven) (Entered: 08/06/2012)."

1
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LMINE NO. 6

constitute trademark infringement are legally incorrect, and in any event do not affect the admissibility of sales to prove damages under Plaintiffs' breach of contract claim.

## II. **Defendants' Motion in in Limine No. 3 Should be Denied for Failure to Comply with the Meet and Confer Requirements of Local Rule 7-3 Before Filing.**

Local Rule 7-3 requires that the parties engage in meet and confer before filing a motion and Defendants' motion in limine lacks the requisite statement of compliance with Local Rule 7-3 ("Conference of Counsel Prior to Filing of Motions"). Despite being constantly reminded to comply with the Local Rules of this Court, Defendants proceeded with filing the instant motion in limine without proper meet and confer.[1] While Defendants sent correspondence to Plaintiffs a few days before filing their motion, they never agreed to appear for the pre-filing conference of counsel required under Local Rule 7-3. Indeed, Defendants were apparently so determined to file without appropriate meet and confer, that they inexplicably filed their motions on August 6, 2012, a full week earlier than ordered

---

[1] Defendants have chronically violated the Local Rules of this Court be filing a multitude of Motions and *Ex Parte* Applications without meet and confer including, but not limited to, the following: 1) Motion to Quash Deposition Subpoena to Naroun Chuon (ECF 75); 2) Motion to Quash Deposition Subpoena to Maria Parco (ECF 87); 3) Defendants' Motion for Summary Judgment (ECF 128); 4) Motion to Quash Deposition Subpoena to Naroun Chuon (ECF 137); 5) *Ex Parte* To Quash Document Subpoena to National Products, Ltd. (ECF 179); 6) Motion for Review of Court's December 29, 2011 Order (ECF 261); 7) *Ex Parte* Application to Shorten Time for Hearing on Motion for Review of January 26, 2012 Order; 8) Motion for Review of January 26, 2012 Order; 9) Motion for Review of Court's January 19, 2012 Order (ECF 282); and 10) Motion for Review of Court's January 23, 2012 Order (ECF 283). Plaintiffs have been repeatedly prejudiced by Defendants' ambush litigation style and respectfully submit that the Defendants' absolute refusal to comply with this Court's Local Rules is grounds for denial of <u>all</u> of Defendants' Motions in Limine.



4842-7674-8816.1

2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6

1  by this Court.  As such, Plaintiffs were never able to respond to Defendants'
2  requested meet and confer since they filed their motions in limine a full week before
3  they were due and without awaiting Plaintiffs' response.
4        Although they filed their motions in limine without proper meet and confer,
5  Defendants amazingly have demanded to conduct a meet and confer with Plaintiffs
6  <u>after</u> filing their motions, apparently unaware of the futility of conducting a pre-
7  filing conference after motions have already been filed.  Defendants' late demand
8  for meet and confer is also surprising in light of the fact that they ducked and/or
9  ignored Plaintiffs' multiple attempts to schedule the Rule 16 conference of counsel
10 to discuss not only motions in limine, but all of the filings required by Rule 16.  (*See*
11 July 31, 2012 E-mail correspondence from Defendants' counsel Steven H. Haney
12 attached as Exs. "A" and "B" to the Declaration of Craig Holden ("Holden Decl.")
13 filed concurrently herewith).  Although Defendants avoided meet and confer and
14 rushed to file their motions in limine a week early without explanation and again
15 without meet and confer (as they have done repeatedly throughout this matter), such
16 has not prevented Defendants counsel, Steven H. Haney, from conducting himself
17 with the same unprofessional and uncivil behavior he has engaged in to vexatiously
18 multiply these proceeding since inception.  (*See* August 17 E-mail correspondence
19 from Defendants' counsel Steven H. Haney attached as Exs. "C" and "D" to the
20 Holden Decl.).  Nonetheless, following the filing of said motions, Plaintiffs notified
21 Defendants they would not oppose their motion in limine excluding reference to
22 insurance.

**III.  This Court should not continue to indulge Defendants' flagrant disregard for this Court's procedures and the consistently uncivil behavior of its counsel.  Accordingly, the Court should deny Defendants' instant motion in limine.   There is No Dispute that Sales Prior to October 31, 2008 Constitute Infringement of Plaintiffs' Little Tikes® trademarks and Are Thus Highly Relevant and Should be Admitted**

Incredibly, Defendants attempt to argue that evidence of their unauthorized sales of Little Tikes® branded goods prior to October 31, 2008 should be excluded because all sales were authorized by the settlement agreement. This assertion is plainly false, and is made without any reference to or discussion of Exhibits "A" and "B" of the Settlement Agreement, which by their plain terms constrain both the amount of sales Defendants were permitted to make as well as to whom Defendants could make those sales. The pertinent portion of Part 3 of the Settlement Agreement provides:

> 3. TERMINATION OF LICENSE AGREEMENT AND SELL-OFF PERIOD:
>
> Upon execution of this Agreement, **the License Agreement shall be deemed terminated as of December 31, 2007 and National shall cease the manufacture of all Licensed Products**. MGA as the successor-licensor under the License Agreement **expressly authorizes National to conclude the sale of all remaining Licensed Products on hand as described on the inventory list which is Exhibit "A"** hereto for a period of time which shall terminate on October 31 of 2008 or the last day of the tenth full month following execution of this agreement – whichever is later (the "Sell-Off Period"). **National agrees that it will only sell Licensed Products to the customers listed on its customer list (attached as Exhibit "B" to which K-Mart and Target are deemed additions) for which prior MGA's prior approval is not required** . . . .
>
> (*See* Excerpts of December 18, 2007, Settlement Agreement attached as Ex. "A" to the Declaration of Robert M. Collins ("Collins Decl.") filed concurrently herewith) (Emphasis added).

The terms of the Settlement Agreement clearly not only prohibit sales after October 31, 2008, but also sales at any time in excess of the limits set forth in

Exhibit "A" to the Settlement Agreement, and sales at any time to customers other than those set forth in Exhibit "B" to the agreement, unless additional customers are expressly allowed by MGA. Accordingly, Defendants' sales of "Little Tikes" branded goods prior to October 31, 2008, beyond the limitations set forth in Exhibits "A" and "B" to the Settlement Agreement are an unequivocal breach of the agreement and infringement of Plaintiffs' Little Tikes® trademarks. There is no basis for preclusion of evidence directly relevant to Plaintiffs' claims, especially considering that this Court has already conclusively determined that Defendants' excess sell-off period sales stemming from the allegedly cancelled TDI order, constitute a breach of the Settlement Agreement and infringement of Plaintiffs' Little Tikes® trademarks.

### A. The First Amended Complaint Seeks Relief for Sales Made in Violation of the Numerical Restrictions of Exhibit "A" and the Customer Restrictions of Exhibit "B" to the Settlement Agreement.

Contrary to Defendants' contentions, Plaintiffs did allege that Defendants sold unauthorized Little Tikes® branded products to customers and retailers throughout the United States, which implies customers not identified in Exhibit "B" to the Settlement Agreement. (*See* First Amended Complaint (ECF 41), ¶19). Plaintiffs also alleged that non-authorized manufacturing, sale, and marketing of Little Tikes® branded products in excess of the authority granted by the settlement agreement breached such agreement. (*See* FAC (ECF 41), ¶¶ 17, 21, 27, 42, 44Exhibit "E" thereto).

Plaintiffs also sufficiently alleged the terms of the settlement agreement (*See* FAC (ECF 41), Exhibit "E") and Plaintiffs generally alleged that the settlement agreement terms had been breached. (FAC (ECF 41), ¶¶ 17, 21, 27, 42, 44, and Exhibit "E" thereto). This more than complies with the notice pleading standard set forth in Federal Rule of Civil Procedure 8(a)(2), which requires only that a claim for

relief contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Plaintiffs were not required to plead every specific act constituting breach, rather they were entitled to discover facts constituting breach in the discovery process.  *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169-70 (E.D. Cal. 2005) (Fed. R. Civ. P. 8(a)(2) ("assume[s] that the parties will familiarize themselves with the claims and ultimate facts through the discovery process."), *citing Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994), *Beery v. Hitachi Home Electronics (Amer.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993), *Federal Savings and Loan Ins. Corp. v. Musacchio*, 695 F.Supp. 1053, 1060 (N.D. Cal. 1988).

In fact, Plaintiffs did discover more specific instances of breach which forms the basis for their breach of contract cause of action.  This should come as no surprise to Defendants, as they admitted to the TDI sale which violated Exhibit "A" to the Settlement Agreement during discovery.  Later, this Court held that the TDI sale constituted breach of Exhibit "A."  (ECF 331), P. 2).  Accordingly, no prejudice has resulted to Defendants from the fleshing out of Plaintiffs' contract claims during the discovery process.

### IV. This Court Has Already Rules that the Allegedly Returned TDI Goods Were Sold in Violation of the Settlement Agreement

Defendants continue to argue that the TDI Goods were not "sold" in breach of the settlement agreement. (Defendants MIL No. 6, 10:11-22.)  However, Defendants' neglect to recall that on February 27, 2012, this Court ruled that it "adheres to its tentative view that the settlement agreement is not ambiguous.  Thus the settlement agreement authorized only the sale of goods listed in Exhibit "A" to that agreement.  Because the goods from the order cancelled by TDI, Inc. are not listed in Exhibit "A," their resale was not permitted by the agreement." [Docket No. 331, page 2.]  Accordingly, Defendants' argument regarding sales of the TDI goods lacks any merit and constitutes an improper attempt to reargue issues already

decided by this Court.

## V. Defendants Move to Exclude Evidence of Contract Damages Without Any Grounds

Defendants also move to exclude all evidence and argument related to sales prior to October 31, 2008 in part because they contend such sales did not constitute trademark infringement. For the reasons set forth below, Defendants are wrong in this contention. Even if they were right, however, the sales would still be admissible to prove damages resulting from breach of contract, Plaintiff's Sixth Cause of Action in the First Amended Complaint. Moreover, this Court has explicitly held that proof of damage from Defendants' breach of contract is very much relevant and in issue in this case (". . . whether there are damages and their amount as to this claim [the TDI sales] remain triable issues of fact.") (*See* Court Order (ECF 331), page 2).

## VI. Unauthorized Sales Also Constituted Trademark Infringement, and In No Event Should They Be Excluded by a Motion in Limine

### A. Defendants May Not Seek to Preclude Contested Evidence by a Motion in Limine.

Defendants contend that the TDI sale was in fact an order that existed prior to the Settlement Agreement, and that it was cancelled only after the parties entered into the Settlement Agreement. Plaintiffs contest that any sale actually occurred, as Defendants have conceded that no payment was ever made by TDI which served to terminate the TDI contract <u>months</u> before the parties entered into the Settlement Agreement on December 18, 2007. At the very least, the TDI contract presents an issue of fact to be determined at trial and preclusion of evidence or argument concerning this extremely relevant evidence is improperly brought as a motion *in limine*.

Defendants contend that no trademark infringement occurred because ". . . the royalty report included the TDI sale and royalties on that sale were paid." [Docket

No. 473, National Products MIL No. 6, page 10, lines 2-3.] This is not the case, and Defendants have never produced any evidence that any amount of royalty paid was allocable to the "TDI sale." Indeed, as set forth in Plaintiffs' motion *in limine* No. 14, Defendants should be precluded from presenting <u>any</u> argument or evidence that the royalties to Plaintiffs were paid in light of Defendants' refusal to permit Plaintiffs to conduct the audit of Defendants' sales of Little Tikes® branded products to which they are entitled under paragraphs 6.1, 6.2 and 30 of the parties' January 4, 2006 Licensing Agreement (*See* Plaintiffs' Motion in Limine No. 14 (ECF 493)).

Because of this disputed evidentiary issue it is improper to groundlessly move for an effective motion for summary adjudication on the payment of royalties on the "TDI sale" by a motion *in limine*. *Dunn ex rel. Albery v. State Farm Mut. Auto Ins. Co.*, 246 F.R.D. 266, 274-75 (E.D. Mich. 2009), *citing Nomo Agroindustrial SA DECV v. Enza Zaden N.Am., Inc.*, No. CV-05-351-TUC-FRZ, 2007 WL 10770123 at *1, *SPX Corp. v. Bartec USA*, No. 06-14888, 2008 WL 3850770 at *3 (E.D. Mich. Aug. 12, 2008) ("Motions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions in limine. . . . Normally, motions in limine are not proper procedural devices for wholesale disposition of theories or defenses.")

**B.     Any Sales After October 31, 2008, in Excess of the Limits Established by Exhibit "A" to the Settlement Agreement, or to Persons or Entities not Identified in Exhibit "B" Constitute Trademark Infringement.**

A former licensee's unauthorized use of a licensor's mark constitutes trademark infringement. *Idaho Potato Commission v. G&T Terminal Packaging, Inc.*, 425 F.3d 708, 721-22 (9th Cir. 2005). The continued, unauthorized use of an original trademark by one whose license to use the trademark has been terminated is sufficient to establish likelihood of confusion. *U.S. Structures, Inc. v. J.P.*



*Structures, Inc.*, 130 F.3d 1185, 1190-92 (6th Cir. 1997).  A terminated licensee's continued use of a mark in commerce constitutes infringement in the trademark context as well as the certification mark context.  *Henderson v. Lindland*, 2012 U.S. Dist. LEXIS 53146, **4-5 (C.D. Cal. 2012).

This rule only stands to reason.  If infringement remedies were not allowed against a terminated licensee, the licensee would not be deterred from ongoing unauthorized use of the licensor's mark.  The limited remedies in a breach of contract action would effectively grant the former licensee an interminable license.  *Ryan v. Volpone Stamp Co., Inc.*, 107 F.Supp.2d 369, 385 (S.D.N.Y. 2000) ( . . . if a licensee could sell inventory manufactured during the term of the license over an indefinite period after its termination or expiration, the expiration date would have little force or meaning.  One can imagine a scenario where a licensee intentionally creates a large surplus and thereby grants to itself a de facto extension of the license.  Although plaintiff does not make such an allegation in the present case, Defendant does not have the right to liquidate its inventory and disregard Plaintiff's objections, simply because the products were manufactured prior to termination.").

Defendants cite to two cases for the proposition that a terminated licensee can sell trademarked goods without incurring liability for trademark infringement. *Monte Carlo Shirt, Inc. v. Daewoo International Corp.*, 707 F.2d 1054 (9th Cir. 1983), *Sasson Jeans, Inc. v. Sasson Jeans, LA, Inc.*, 632 F.Supp. 1525 (S.D.N.Y. 1986).  These cases are not controlling.  *Monte Carlo* was a case decided on state trademark law, and its reasoning is limited to its facts.  *See Intel v. Terabyte Int'l, Inc.*, 6 F.3d 614, 620 (9th Cir. 1993).  Moreover, *Monte Carlo* was not a case such as this (and in *Idaho Potato Comm'n*) involving a terminated licensee, but rather involving a situation where the mark owner ordered goods and then cancelled them before delivery.  As a result, the court held that the defendant could sell the products as a remedy against plaintiff's cancellation.  *Monte Carlo*, 707 F.3d at 1055-56. *Sasson Jeans* is an outdated case from the Southern District of New York, which is

not controlling in light of recent Ninth Circuit case law.  Accordingly, Plaintiffs should be allowed to present evidence in support of remedies for trademark infringement occurring before October 31, 2008.

## VII. Conclusion

For the reasons set forth above, Plaintiffs respectfully request that Defendants' Motion in Limine No. 6 be denied in its entirety.

DATED: August 20. 2012        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Craig Holden
Craig Holden
Attorneys for Plaintiffs, MGA ENTERTAINMENT, INC. THE LITTLE TIKES COMPANY. INC.



4842-7674-8816.1

10

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6