**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CRAIG HOLDEN, SB# 174643
 E-Mail: cholden@lbbslaw.com
ROBERT M. COLLINS, SB# 254915
 E-Mail: rcollins@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs, MGA ENTERTAINMENT, INC., THE LITTLE TIKES COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation; THE LITTLE TIKES COMPANY, INC., an Ohio corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>NATIONAL PRODUCTS LTD., a Hong Kong corporation; PLAYMIND LTD., a Hong Kong corporation; THE PLAYMIND GROUP, a Hong Kong corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. CV10-7083 JAK (SSx)<br><br>*The Honorable John A. Kronstadt*<br>*DEPT. 750*<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY FROM DEFENDANTS' LIABILITY EXPERT WHICH APPLIES FACTS TO LAW, ATTEMPTS TO USURP THE TRIER OF FACT, OR RELATES TO MATTERS RESOLVED BY PLAINTIFFS' SUMMARY ADJUDICATION MOTION**<br>Action Filed:       September 22, 2010<br>Discovery Cut-off:  June 11, 2012<br>Motion Cut-off:     July 30, 2012<br>Final Pretrial Conf: September 7, 2012<br>Trial Date:         September 18, 2012 |

## I. Introduction[1]

Defendants spill much ink discussing Mr. Sarabia's past cases where he was qualified as an expert. They also spend much time affirming the obvious point that, with respect to some of Mr. Sarabia's opinions, Mr. Sarabia has a foundational understanding to analyze marketing issues. Plaintiffs do not contest that his resume is correct. This does not mean he is qualified to testify on each issue which he has proffered expert opinion. As set forth below, Defendants' opposition is meritless with respect to each category of Mr. Sarabia's opinions it seeks to save.

## II. Defendants Opposition Should Be Disregarded As it Was Not Timely Filed

Continuing a long standing practice of complete disregard for the rules of this Court, all of Defendants oppositions to Plaintiffs' Motions in Limine Nos. 1-15 were filed late, and should be disregarded and stricken.

Pursuant to this Court's Trial Order, the parties' respective motions in limine will be heard by this Court at the September 10, 2012, Final Pre-trial Conference. (*See* Trial Order (ECF 52), ¶C(1)). In addition, the Trial Order provides that any oppositions to motions in limine must be filed "in compliance with Local Rule 7-9" (*Id.*). Local Rule 7-9 provides that oppositions to any motion must be served "…no later than twenty-one (21) days before the date designated for the hearing of the motion…" Local Rule 7-9. As the Final Pre-Trial Conference is scheduled for September 10, 2012, Defendants were required to file any opposition to Plaintiffs' motions in limine on or before August 20, 2012. However, none of Defendants' oppositions were timely filed – all fifteen (15) of Defendants' responses, both

---

[1] Throughout Plaintiffs' Reply in Support of Motion in Limine No. 5 ("Reply"), plaintiffs MGA Entertainment, Inc. ("MGA") and The Little Tikes Company, Inc. ("Little Tikes") are referred to collectively as "Plaintiffs." Defendants National Products Ltd., Playmind Ltd., and Playmind Group are referred to collectively as "Defendants."

oppositions and non-oppositions, were filed on August 21, 2012.[2]  Defendants' failure to timely file their oppositions to Plaintiffs' motions in limine has prejudiced Plaintiffs ability to prepare and file a timely reply and subjects Plaintiffs to sanctions under the Local Rules of this Court.

Specifically, the Local Rules provide the following with respect to late filings:

> "**L.R. 7-12 Failure to File Required Documents.**  The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."
>
> **L.R. 7-13 Sanctions for Late Filing.** A party filing any document in support of, or in opposition to, any motion noticed for hearing as above provided after the time for filing the same shall have expired, also shall be subject to the sanctions of L.R. 83-7 and the F.R.Civ.P.

Plaintiffs timely filed their Motions in Limine on August 13, 2012, in compliance with the Court's Trial Order and Local Rule 6-1.  As set forth above, Defendants were required to file any oppositions to Plaintiffs' motions in limine on or before August 20, 2012.  This is not the first time that Defendants have filed documents late with no explanation.  Indeed, Defendants' filed late Reply briefs in support of their motions to review Judge Segal's January 23, 2012 Order (ECF 304) as well as Judge Segal's January 19, 2012 Order (ECF 308), both of which were stricken by the Court for failure to comply with the Court's rules.  (*See* Order Striking Reply Briefs Due to late Filing (ECF 316)).  As this Court did with

---

[2] Plaintiffs note that Defendants refused to stipulate to any of Plaintiffs motions in limine before they were filed.  However, once Plaintiffs expended the time and incurred the expense to prepare their motions in limine Nos. 1-15, Defendants subsequently advised that they would not oppose Plaintiffs' motions in limine No. 3, 4 and 7, and filed their notices of non-opposition late along with their oppositions to motions in limine Nos. 1, 2, 5, 6, and 8-15.

Defendants' late Reply briefs, Plaintiffs submit that all of Defendants' late filed Oppositions should be stricken, especially in light of the fact that the late filing has prejudiced Plaintiffs' ability to prepare Reply briefs at a time where both sides are busy preparing the other filings required by Local Rule 16 and for trial. Defendants have repeatedly flouted the rules of this Court throughout these proceedings to Plaintiffs' extreme detriment. Plaintiffs' respectfully submit that Defendants' late filed Oppositions should all be stricken pursuant to Local Rule 7-12 and 7-13.

### III. Defendants' Opposition to Motion in Limine No. 6 is Meritless

Even if this Court does not strike Defendants' Opposition, Plaintiffs' Motion in Limine No. 6 should still be granted.

Sections 1 through 9 below track the issues as enumerated in Plaintiffs' Motion in Limine No. 6:

### 1. Mr. Sarabia Cannot Offer Opinion Contradicting The Facts and the Parties Agreement Regarding the "Duty to Monitor Internet"

Defendants' Opposition essentially argues that Mr. Sarabia should be entitled to take the stand and testify words to the effect of: 'I am an expert, and I can tell you from the Trademark Licensing Agreement and the testimony of Isaac Larian and Vincent Thai that Plaintiffs and Defendants intended for MGA to assume the duty to monitor the internet for any infringers. I know this because I've reviewed the agreement and the testimony and I've been in the licensing business a long time.' With all due respect to Mr. Sarabia's experience, he has not provided any opinion which aids in the construction of the Trademark Licensing Agreement terms. Such terms control on the issue of the ***duty*** as between the ***contracting parties***. If Mr. Sarabia's opinion were allowed, he would essentially be allowed to testify that an industry standard of which he was aware ***trumped any contractual provisions*** regarding which party to a licensing agreement had a duty to police for infringement. He has not provided any foundation for such a contention, and

therefore his general observations about what many contracts in the industry may provide is of no assistance in this case.

Allowing Mr. Sarabia to use the weight of an "expert" designation by the Court on this issue would unduly color the jury's deliberation on an issue they can decide themselves. *United States v. Hall*, 93 F.3d 1337, 1343 (7th Cir. 1996) ("Unless the expertise adds something, the expert is at best offering a gratuitous opinion, and at worst is exerting undue influence on the jury that would be subject to control under Rule 403.")

### 2. Mr. Sarabia Should not be Allowed to Offer "Expert" Opinion on Whether National Products 'Surpassed its Duty' Under the Licensing Agreement

Any testimony by Mr. Sarabia that National Products surpassed its contractual duty would be based on the premise that National Products had no duty. Based on the authority and analysis set forth in the preceding section of this Reply, Mr. Sarabia should not be able to testify regarding National Products contractual duty, and therefore should not testify regarding whether it surpassed such duty.

### 3. Opinion Regarding Retailers Use of "Little Tikes" Trademarks Should be Excluded

Defendants contend that Mr. Sarabia's testimony should be given the designation of "expert" so that he can make the argument that since MGA's "Bratz" brand is sold at some retailers, it can do no harm to the "Little Tikes" mark that it is sold at the same retailers. Whether "Bratz" and "Little Tikes" merchandise are sold at similar retails can be established through percipient witnesses. The remaining issue of what inference should be drawn from those facts would only be confused by allowing Mr. Sarabia to offer "expert" testimony on these issues.

Once the facts regarding sales at retailers are established, the jury can choose between two (or perhaps more) inferences: (1) "Bratz" and "Little Tikes" have the same or similar marketing considerations, or (2) they have different marketing

considerations, and if "Bratz" and "Little Tikes" products are sold at the same retailers it is of no consequence. Mr. Sarabia would like to opine as an "expert" in support of the former inference that "it makes no sense to claim that the lesser brand is hurt by sales at the same retailers whose sales help the flagship brand." (ECF 517, P. 9 L. 20-22.)

An expert opinion is not required or helpful for the jury to determine whether "Bratz" and "Little Tikes" brands have identical marketing concerns. A jury should not have its deliberations unduly influenced by one possible inference being stamped with the imprimatur of "expert" opinion. *United States v. Hall*, 93 F.3d at 1343.

### 4. Opinions Regarding the TDI Sales Should be Excluded

Defendants contend that Mr. Sarabia's opinions regarding the TDI sales should be admissible because they support the proposition that the Settlement Agreement was not breached in bad faith. However, Mr. Sarabia is attempting to make an argument about the state of mind of ***Defendants***, and the best evidence of that is from the Defendants themselves. In no part of Mr. Sarabia's report concerning the TDI sales does Mr. Sarabia reference communications with Defendants. In any event, the best evidence of Defendants' conduct can be determined by examining Defendants themselves. Accordingly, Defendants' proffered testimony regarding the propriety of the TDI sales should be excluded.

### 5. Mr. Sarabia's Opinion Regarding the Materiality of the Breaches of the Settlement Agreement is Legally Irrelevant.

The materiality of a breach of contract does not determine whether the non-breaching party can recover damages. A showing of breach is sufficient to recover damages. The materiality of a breach is legally relevant to the question of whether the non-breaching party can terminate performance. *Brown v. Grimes*, 192 Cal.App.4th 265, 277-278 (Cal.App. 2nd Dist. 2011). Plaintiff's "performance" of the settlement agreement in issue in this case was releasing Defendants of prior

misconduct. Accordingly, Mr. Sarabia's characterization of Defendants' breaches of the settlement agreement is legally irrelevant. The Court should not waste time on the non-issue of materiality. <u>Fed. R. Evid.</u> 403. Moreover, allowing testimony regarding the "materiality" of Defendants' breaches risks confusing the jury into thinking there should be no legal consequence for immaterial breaches. On that independent basis Mr. Sarabia's opinion should be excluded. Id.

**6. The Role of National Sporting Goods, M&D Distributing and Fun Creation Does Not Require "Expert Opinion"**

Defendants attempt to argue that expert opinion so that the jury may consider whether "It is Common for Foreign Consumer Product Companies to Have an Independently Owned Service Center in the U.S. to Fill Small Orders and to Respond to Consumer Problems." This prosaic description unnecessarily complicates the issue. If Defendants wish to establish that Fun Creation was merely acting as a fulfillment house for National Products there is no reason they cannot ask Mr. Thai or Ms. Lam questions along the following lines:

> Question: What is Fun Creation?
>
> Answer: It is a California company which acts as National Products' United States fulfillment house.
>
> Question: What do you mean by a fulfillment house?
>
> Answer: It is a company which we contract with to fill small orders and deal with customer problems.
>
> Question: Why do you use them as a fulfillment house?
>
> Answer: We use them because they ship items more quickly because the items are already stateside. Also, they respond to customer issues with a better understanding of Americans than people in our Hong Kong company.

The foregoing factual proposition does not require expert opinion. Based on questioning of percipient witnesses, the jury can determine whether it believes that Fun Creation and other companies acted at an arm's length relationship with Defendants. Allowing Mr. Sarabia to testify regarding the role of a fulfillment



house risks giving this position undue credibility and should be excluded. *United States v. Hall*, 93 F.3d at 1343. Further, this proposed testimony is squarely contradicted by Section 18 of the parties License Agreement.

**7. Defendants' Re-Characterization of Mr. Sarabia's Internet Searches Does Not Convert Them Into Expert Opinion**

Defendants now attempt to characterize Mr. Sarabia's internet searches for "Little Tikes" and "National Products" as follows: "Mr. Sarabia's opinion is although there are many responses to Internet searches using the words "national products little tikes" and "little tikes national products" no toys made by National Products and bearing the trademark "Little Tikes" are readily available on the internet."

Expert opinion can be based on information which is inadmissible. However, the above characterization of Mr. Sarabia's 'opinion' is not even a matter of opinion. It is merely a statement that is factual in nature, yet incorrect. It is not the proper subject of expert testimony because it does not provide any specialized assistance to the trier of fact. Fed. R. Evid. 702(a).

Moreover, it is based on the unreliable premise that a "Little Tikes" branded toy would have National Products or some other entity identified as its manufacturer in internet search results. Since such opinion is unreliable it should also be excluded under Federal Rule of Evidence 104(a) and *Khumo Tire Co., Ltd. v. Carmichel*, 526 U.S. 137, 157-58 (1999).

**8. Mr. Sarabia's Document Review Does Not Allow Him to Usurp the Role of the Trier of Fact**

Defendants argue that Mr. Sarabia sorted through irrelevant invoices to find those pertaining to retailers which purchased from National Products after October 31, 2008. Defendants argue this undertaking thereby turns Mr. Sarabia's summary of the invoices into expert analysis. Defendants and their attorneys can conduct document review, and invoices which Plaintiffs or Defendants believe are important



can be the subject of percipient witness testimony. Allowing Mr. Sarabia to introduce an 'expert opinion' is unwarranted, unnecessary, and risks placing an impermissible expert gloss on a matter that the jury itself can determine.

### 9. Mr. Sarabia is Not Qualified to Rebut Mr. Lyon's Report

Defendants seek to circumvent this Court's holding that the TDI sales were a breach of the settlement agreement by arguing that opinions of Plaintiffs' damages expert are incorrect. As set forth in Defendants' Motion in Limine No. 6, Defendants cannot collaterally attack this Court's ruling by attacking Mr. Lyons' analysis.

Additionally, Mr. Sarabia is not qualified as a damages expert, or even identified as one by Defendants. Accordingly, there is no basis for him to rebut the analysis of Mr. Lyons.

### III.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Proposed Order on their Motion in Limine No. 6 be granted.

DATED: August 27. 2012          LEWIS BRISBOIS BISGAARD & SMITH LLP


By: /s/ Craig Holden
Craig Holden
Attorneys for Plaintiffs, MGA
ENTERTAINMENT, INC. THE LITTLE
TIKES COMPANY. INC.

