UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV10-07083 JAK (SSx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | MGA Entertainment, Inc., et al. v. National Products Ltd., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Craig E. Holden<br>Jennifer L. Keller | Paul Eisner<br>Steven H. Haney<br>Gregory Young |

Proceedings: **DEFENDANT'S MOTION FOR RELIEF FROM THE ORDER GRANTING SUMMARY ADJUDICATION AND SUPPLEMENTAL BRIEF RE CONTRACTUAL INTERPRETATION (DKT. 361)**

**DEFENDANT'S MOTION FOR PARTIAL ADJUDICATION THAT PLAINTIFF'S ARE NOT ENTITLED TO RECOVER STATUTORY DAMAGES IN CONNECTION WITH THE PRE-OCTOBER 31, 2008 SALES OF LITTLE TIKES INCLUDING THE GOODS FROM THE CANCELLED TDI SALE (DKT. 365)**

**FINAL PRETRIAL CONFERENCE**

**PLAINTIFF'S MOTIONS IN LIMINE (DKT. 483-494)**

**DEFENDANT'S MOTIONS IN LIMINE (DKT. 467-479)**

**STATUS CONFERENCE RE EXHIBITS**

The motion hearing, final pretrial conference, and status conference are held. The Court states its tentative views regarding Defendant's motion for relief from the order granting summary adjudication and for partial adjudication that Plaintiffs are not entitled to recover statutory damages in connection with the pre-October 31, 2008 sales of Little Tikes including goods from the cancelled TDI Sale. The Court is inclined to grant relief from its February 27, 2012 order (Dkt. 331) in part to clarify that injury as well as damages must be proven at trial because each concerns a genuine issue of material facts. The Court is inclined to grant in part the partial summary adjudication to the extent that goods manufactured on or before December 31, 2007 cannot be deemed counterfeit for the purpose of statutory damages. A genuine issue of material fact remains with respect to whether any goods were manufactured after December 31, 2007.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07083 JAK (SSx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | MGA Entertainment, Inc., et al. v. National Products Ltd., et al. | | |

Counsel for both parties address the court regarding the significance of the change proposed by the Court's tentative ruling.

The Court adheres to its tentative view and GRANTS in part Defendant's motion for relief, limited to the clarification regarding genuine issues of material fact that remain with respect to the alleged injury arising from the alleged sale of inventory that was not listed on Schedule A to the parties' settlement agreement, and DENIES it in part as to all other arguments.

The Court adheres to its tentative view and GRANTS in part Defendant's motion for partial summary adjudication such that Plaintiffs are not entitled to statutory damages for the sale of goods manufactured on or before December 31, 2007.

Magistrate Judge Suzanne Segal has issued her rulings in connection with the discovery matters that were before her with the exception of a final determination with respect to certain requests for monetary sanctions. There is nothing currently pending regarding substantive discovery disputes that would affect the timing of the trial. Counsel address the issues regarding the potential disclosure during trial of "attorney's eyes only" document(s) pursuant to the protective order entered in this case. The Court states its view that it will determine whether any documents that were previously designated as "attorney's eyes only" may be disclosed during trial only pursuant to the terms of the protective order. The Court directs the parties to meet and confer to identify for the Court those potential exhibits and deposition testimony that have been designated by Defendants as "attorney's eyes only," so that the Court can determine what limitations, if any, may apply to such materials. In presenting these materials to the Court, the parties shall seek to place them into common categories so that the Court can address through a combined review all potential exhibits or testimony that raise the same confidentiality concerns.

The Court discusses trial proceedings. The trial should take approximately five days. Opening statements are not to exceed one hour. The Court estimates closing statements to be one hour, but will discuss the parties' time estimates at the conclusion of testimony. Counsel shall confer regarding whether each party wishes to give a 3-5 minute mini-case opening statement, which is not argument, in lieu of the Court reading a joint statement of the case. The Court describes the voir dire process. The Court directs the parties to meet and confer about trial witnesses and time estimates given that the current estimates would result in a trial of 4-5 weeks.

The Court confers with counsel regarding their pretrial documents as follows:

1. Exhibit List: Counsel shall meet and confer and file an amended Joint Exhibit List, which identifies: (i) exhibits that are designated as "attorney's eyes only" by grouping them by category; (ii) exhibits which the parties stipulate to their identification; (iii) exhibits that are that are stipulated to their admissibility; and (iv) exhibits that are in dispute. Counsel shall file a "Notice of Disputed Exhibits" setting forth the basis for the dispute, with the disputed exhibit attached. If the exhibits are voluminous, counsel may submit a binder.

2. Witness List: Counsel shall file an amended Joint Witness List based upon the Court's estimated time for trial. The parties shall be mindful of the Court's view that the matter can be tried in about five days, subject to various variables, including the amount of time that is devoted to translations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07083 JAK (SSx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | MGA Entertainment, Inc., et al. v. National Products Ltd., et al. | | |

   The Court states that it may put each side "on the clock," by keeping track of the time that each spends on opening statements and in the examination of witnesses so as to allocate evenly the amount of time set for the trial.

3. Jury Instructions and Verdict Form: Counsel shall meet and confer and file amended Jury Instructions and Verdict Form that is consistent with the CACI and 9th Circuit Instructions. If there are disputes as to the Jury Instructions and/or Verdict Form, counsel shall file a "Notice of Disputed Jury Instructions," which shall include a redline of the disputed language or the parties respective instruction should one not be provided by the CACI or 9th Circuit Model Instructions. A "Notice of Disputed Verdict Form" shall be filed, which shall include a redline of the Verdict Form showing the disputed language. The Court notes that the issues in this case are such that form instructions should be sufficient for most, if not all, matters. Special instructions shall be proposed only where they would address an issue unique to this case that is not addressed in the form instructions for the claims and defenses advanced in this action.

4. Voir Dire: The Court is inclined to use Plaintiff's proposed voir dire questions: 1, 2 (questions 1-2 only), 4 (questions 1-2 only), 8, and 10. Defendant may propose voir dire questions. The Court explains its voir dire process, including the limitations on re-asking the same questions of all prospective jurors as opposed to broader questions to confirm their responses address all of the issues previously discussed with other prospective jurors in the presence of all prospective jurors. The Court also describes the process for side bars with counsel about further voir dire and cause challenges. The Court also addresses the preemptory challenge process.

The Court confers with counsel regarding the status of settlement. The parties have been continuing to negotiate and defense counsel plans to submit Plaintiff's latest proposal to his client by September 10. Counsel shall notify the Court's Clerk on September 17, 2012 about the status of settlement and an anticipated date by which the parties expect to file their amended pretrial documents. The Court will determine at that time whether to set a status conference or to manage in some fashion additional settlement discussions.

The Court rules on the parties' motions in limine as follows:

<u>Plaintiff's Motions in Limine</u>:

No. 1 and 2: to Exclude Documents Not Produced In Discovery and To Exclude Evidence Relating to Documents Not Produced in Discovery (Dkt. 483): The Court states its tentative views and GRANTS the motion to extent there is a showing that Plaintiff made a request in discovery that would cover a document of the Defendant's that the Defendant now seeks to introduce at trial. The Court DENIES the motion to the extent that it applies to documents obtained from non-parties absent a future determination that the document is deemed a document Defendant should have produced. Counsel shall meet and confer to determine if the issue can be resolved by way of a deposition prior to the commencement of trial.

No. 3, 4 and 5: to Exclude Evidence or Reference to Relative Size of Parties or Their Resources; Evidence or Reference to Relative Size of Parties Law Firms or Their Resources; and Reference to Articles, News and/or Other Lawsuits Involving Isaac Larian, MGA Entertainment Inc. Or Their Wealth,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07083 JAK (SSx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | MGA Entertainment, Inc., et al. v. National Products Ltd., et al. | | |

Etc. (Dkt. 484): No opposition has been filed as to Motion in Limine No. 3 and 4 and, therefore, the Court GRANTS the motions. The Court states its tentative views as to Motion in Limine No. 5 and GRANTS the motion without prejudice to the Defendant being able to proffer evidence that rebuts Plaintiff's claims for damages.

No. 6: to Exclude All Testimony from Defendants' Liability Expert Which Applies to Facts to Law, Attempts to Usurp the Trier of Fact, Or Relates to Matters Resolved by Plaintiffs' Summary Adjudication Motion (Dkt. 485): The Court states its tentative views GRANTS the motion with respect to the applying facts to the law, but will determine other potential limitations on the testimony of the experts during their trial testimony.

No. 7: to Preclude Designation of Vincent Thai as Expert Witness and to Exclude Expert Testimony by Vincent Thai (Dkt. 486): The Court GRANTS the motion because Defendant does not oppose the motion and will not call Thai as an expert witness.

No. 8: Regarding Lam Testimony (Dkt. 487): The Court states its tentative views and DENIES the motion.

No. 9: to Exclude Testimony Which Deducts Costs or Expenses From Defendants' Revenues (Dkt. 488): The Court states its tentative views and DENIES the motion on relevancy grounds, but reserves the issue whether information proffered at trial in support of such claims should be barred because it was not produced in discovery or pre-trial disclosures.

No. 10: to Exclude Lay Testimony of Newell Rubbermaid (Dkt. 489): The Court states its tentative views and DENIES the motion; however, to the extent evidence is offered that would elicit testimony to legal issues, such testimony is inadmissible.

No. 11: to Preclude Reference to Paragraph 14 of the Parties January 4, 2006 License Agreement (Dkt. 490): The Court states its tentative views and DENIES the motion. The entire agreement can be admitted; however, the Court will evaluate the matter further depending on what evidence is proffered. The Court, not the jury, is to make, as a matter of law, determinations with respect to contractual interpretation. Factual issues may be presented to the jury with respect to matters necessary for the Court to determine contractual interpretation.

No. 12: to Exclude Reference to Terminated Provisions of the Parties' January 4, 2006 License Agreement (Dkt. 491): The Court states its tentative views and DENIES the motion. The entire agreement can be admitted; however, the Court will evaluate the matter further depending on what evidence is proffered and whether it is relevant.

No. 13: to Exclude Any Reference to Religion (Dkt. 492): No opposition was filed and, therefore, the Court GRANTS the motion. However, with respect to emails and other communications that contain references to religious passages, Counsel shall confer regarding such exhibits to determine which ones are disputed. The Court will review disputed exhibits to determine if certain religious references should be redacted under Rule 403.

No. 14: to Exclude Reference to the Conduct of the Parties Prior to Entry Into the Fully Integrated

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07083 JAK (SSx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | MGA Entertainment, Inc., et al. v. National Products Ltd., et al. | | |

December 18, 2007 Settlement Agreement and to Preclude Plaintiffs from Arguing that Certain Conduct has been Released (Dkt. 493): The Court states its tentative views and DENIES the motion. The Court is inclined to preclude testimony regarding how to interpret the settlement agreement, but will evaluate this overall issue at the time of trial based on the proffered evidence.

No. 15: to Exclude Any Reference to Defendants' Alleged Overpayment of Royalties to Plaintiffs (Dkt. 494): The Court states its tentative views and DENIES the motion. To the extent Plaintiff contends it was injured because Defendant failed to produce documents, which were ordered to be produced, the Court will not allow it to be used at the time of trial. To extent it was produced, the Court does not find a basis to exclude the materials. This includes the claim of the denial of the right to an audit. Such a denial could have been tested and contested through the discovery process.

<u>Defendants' Motions in Limine</u>:

No. 1: to Exclude Portions of the Settlement and Release Agreement and Emails and Documents (Dkt. 467): The Court states its tentative views and DENIES the motion; the agreement is the operative document and should be allowed. However, it will evaluate the matter further at the time of trial.

No. 2: to Exclude Any Evidence or Argument That National Products Ltd Is the Alter Ego of Fun Creation, Inc. (Dkt. 468): The Court states its tentative views and DENIES the motion, but will evaluate the matter further at the time of trial depending on the evidence presented and the context of the testimony. Alter ego claims are not at issue in the case, but evidence that another person's actions may have been at the direction of the Defendant may be admissible.

No. 3: to Exclude Any Evidence or Argument That Any Sales Made by Fun Creation, Inc. Are Attributable to National Products, Ltd. (Dkt. 469): The Court states its tentative views that the issues raised in the motion were addressed in the Court's summary judgment analysis and, therefore, DENIES the motion as framed, but will make its final determination at the time of trial in conformance with the criteria states as to Defendant's Motion in Limine No. 2.

No. 4: to Exclude Evidence of Unauthorized Third Party Internet Advertisements of Little Tikes Branded Ride on Toys Which Reference National Products, or in the Alternative, Conduct a Preliminary Hearing Outside of Presence of the Jurors Prior to the Introduction of this Evidence (Dkt. 470): The Court states its tentative views and GRANTS the motion with respect to introducing evidence of any website that happens to feature the products. Counsel to meet and confer to determine and inform the Court as to the specific websites which present such evidence. To the extent that there is evidence that Defendant made sales through certain websites, the Court may allow it. But, evidence of all websites that have featured the subject products will not be admitted on that basis alone. Rule 402 and 403.

No. 5: to Exclude Evidence of or Reference to Defendant's Liability Insurance Policy (Dkt. 471): There is no opposition filed to the motion and, therefore, the Court GRANTS the motion.

No. 6: to Exclude Argument and Evidence of the TDI Cancellation, Resale and All Other Sales Through October 31, 2008 (Dkt. 473, 475): The Court states its tentative views and DENIES the motion.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07083 JAK (SSx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | MGA Entertainment, Inc., et al. v. National Products Ltd., et al. | | |

No. 7: to Prevent Plaintiffs from Introducing Any Evidence, or Making Any Argument, That Sales of Little Tikes Branded Goods by Fun Creation, Inc., Were Chargeable to the Defendants (Dkt. 472): The Court states its tentative views and DENIES the motion, although not every transaction may be admissible.

No. 8: to Exclude the Expert Report and Testimony of Plaintiffs' Expert Danny Simon (Dkt. 479): The Court states its tentative views and GRANTS the motion in part to the extent that an expert cannot testify with respect to legal matters. Thus, evidence concerning the scope or content of the law is not admissible.

No. 9: to Prevent the Plaintiffs from Introducing Any Evidence, or Making Any Manufacture, Marketing, Advertising or Sales of Little Tikes Branded Goods by Defendants Which Occurred on or Before October 31, 2008. (Dkt. 474): The Court states its tentative views and DENIES the motion.

No. 10: to Exclude Evidence in Support of Plaintiffs' Claim That Defendant National Products, Ltd. Breached the Settlement Agreement by Reselling Ride-on Toy Products from the TDI Cancelled Sale (Dkt. 477): The Court states its tentative views and DENIES the motion.

No. 11: to Exclude All Argument and Evidence Regarding Any Manufacturing, Marketing, Advertising or Sales of Little Tikes Branded Products Which Occurred on or Before October 31, 2008. (Dkt. 478): The Court states its tentative views and DENIES the motion.

No. 12: to Exclude Plaintiffs from Arguing or Introducing Evidence That Plaintiffs' Marks Have Been Diluted, Tarnished or Tarnished (Dkt. 476): The Court states its tentative views and DENIES the motion. To the extent that there is a witness who would testify as to this topic and who has not been deposed on this topic, counsel may conduct a one hour deposition only with respect to this topic.

**IT IS SO ORDERED.**

|  |  | 2 | : | 47 |
|---|---|---|---|---|
|  | Initials of Preparer | ak | | |